J-S72034-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER WALKER, | : | |
| | : | |
| Appellant | : | No. 782 WDA 2014 |

Appeal from the Judgment of Sentence Entered April 10, 2014
in the Court of Common Pleas of Erie County,
Criminal Division, at No(s): CP-25-CR-0003631-2013

BEFORE:    BENDER, P.J.E, SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED JANUARY 13, 2015**

Christopher Walker (Appellant) appeals from the judgment of sentence of 12 to 24 months of incarceration following his no contest pleas to simple assault and disorderly conduct.   Also before us is counsel's petition to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).   We affirm the judgment of sentence and grant the petition to withdraw.

The trial court summarized the history of the case as follows.

> On February 2, 2014, Appellant appeared before th[e trial c]ourt and entered a no contest plea to Count 1, simple assault (misdemeanor of [the] second degree) and Count 2, disorderly conduct (misdemeanor of the third degree).   These charges arose from an incident that took place on November 8, 2013 in Millcreek Township, Erie County, Pennsylvania.   On that date, Appellant pushed the victim onto a bed, placed a pillow over her head, struck her, and then threw her onto the floor.   To add insult to injury, he spit on her.   The disorderly conduct involved

_____
*Retired Senior Judge assigned to the Superior Court.

his conduct *vis-à-vis* the police officers who responded to the incident.

On April 10, 2014, Appellant was sentenced to a term of 12 to 24 months' incarceration on the simple assault charge and a concurrent 6 to 12 months' incarceration on the disorderly conduct charge. These were standard range sentences.

On May 8, 2014, Appellant filed a timely notice of appeal. On May 9, 2014, th[e trial c]ourt ordered Appellant to file a concise statement of [errors] complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on May 19, 2014….

Trial Court Opinion, 6/18/2014, at 1-2 (some punctuation modified).

Counsel filed with this court a petition to withdraw and an Anders brief. Thus, before we consider the substance of this appeal, we must address counsel's compliance with ***Anders***:

Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….

***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with ***Anders*** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-

frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 720-21 (Pa. Super. 2007)

(citations omitted).

Our Supreme Court has clarified portions of the ***Anders*** procedure:

Accordingly, we hold that in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and ***Anders*** brief, we conclude that counsel has satisfied the above requirements.[1] Therefore, we shall conduct an independent review of the appeal to determine whether it is indeed wholly frivolous.

The ***Anders*** brief states one issue that arguably supports this appeal: "Whether the Appellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Pennsylvania Sentencing Code?" ***Anders*** Brief at 3.

---

[1] Appellant has not filed a *pro se* response raising any additional points for our consideration.

Appellant's question challenges the discretionary aspects of his sentence. Accordingly, we bear in mind the following.

It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal.

Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Disalvo*, 70 A.3d 900, 902 (Pa. Super. 2013) (citations omitted).

Nowhere in the record is any indication that Appellant preserved his challenge for appeal by raising it at sentencing or in a post-sentence motion. However, under our *Anders* review we will consider the merits of the issue. *See Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009) (citing *Commonwealth v. Hernandez*, 783 A.2d 784, 787 (Pa. Super. 2001) (concluding that *Anders* requires review of issues which otherwise would be waived on appeal)).

The instant statement of the reasons relied upon for allowance of appeal claims that Appellant's sentence violates the following provision of the Sentencing Code: "The appellate court shall vacate the sentence and

remand the case to the sentencing court with instructions if it finds: … the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S. § 9781(c)(2). **Anders** Brief at 5. Further, Appellant maintains that his sentence is inconsistent with 42 Pa.C.S. § 9721(b)[2] because "the objectives of protecting the public and rehabilitation could have been achieved without such a lengthy sentence". **Anders** Brief at 6.

Assuming *arguendo* that Appellant's issues raise a substantial question, we hold that the trial court did not abuse its discretion in ordering standard-range, concurrent sentences. The sentencing transcript reveals that the trial court considered the pre-sentence investigation report, the sentencing guidelines, and the statements of counsel for Appellant and the Commonwealth regarding mitigating factors, the impact on the victim, and Appellant's repeated failure to seek help for his alcohol-abuse and anger-management issues despite his extensive prior record of "multiple assaults, DUIs, public drunks [*sic*] and disorderly conducts." N.T., 4/10/2014, at 7.

---

[2] This section provides, in relevant part: "In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

In announcing Appellant's sentence, the trial court offered the following explanation:

> In your particular case it's been pointed out you've got prior assault charges, DUI charges, public drunkenness, disorderly conduct, defiant trespass. You've basically been a pain for most of the magisterial district judges that have had to deal with you over the years. You've been sentenced to county level jail sentences; been sentenced before the magistrate district … judges; you were sentenced in Texas. You completed some of your sentences successfully, revoked in others.
>
> So when you look at the whole view of this thing, you're really no better off than when you started committing offenses, which I think started all the way back in 1997 shortly after you got out of high school. …
>
> I don't know … what you've been thinking about, but if I gave you probation they should impeach me because it would be absolutely absurd, given your record.
>
> You've got to take responsibility for your life and you haven't done that.

*Id.* at 9-10.

Clearly, the trial court individualized Appellant's sentence based on the failure of past, lesser terms of confinement to cause Appellant to change his ways, the necessity to protect the public from Appellant's repeated criminal behavior, and Appellant's need for state supervision and the attendant counseling offered for alcohol abuse and anger management. *Id.* at 11. We discern no indication that "the the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Commonwealth v.***

***Antidormi***, 84 A.3d 736, 760-61 (Pa. Super. 2014) (quoting ***Commonwealth v. Robinson***, 931 A.2d 15, 26 (Pa. Super. 2007)).

Therefore, we agree with counsel that the appeal is wholly frivolous. Accordingly, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Petition to Withdraw as Counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2015