J-S10042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEREMY ABEL, | |
| Appellant | No. 2340 EDA 2015 |

Appeal from the Judgment of Sentence September 6, 2013
in the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0002373-2012

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED FEBRUARY 08, 2016**

Appellant, Jeremy Abel, appeals *nunc pro tunc* from the judgment of sentence imposed following his conviction of two counts of involuntary deviate sexual intercourse with a child (IDSI),[1] and one count of rape of a child.[2]  Appellant's counsel has filed a brief and a petition to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), alleging that the appeal is wholly frivolous.  We affirm the judgment of sentence and grant counsel's request to withdraw.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3123(b).

[2] 18 Pa.C.S.A. § 3121(c).

After Pottstown Police arrested him on March 5, 2012, Appellant confessed to numerous sexual offenses with his niece and nephew, while he was babysitting for his sister. The crimes occurred in 2011, when the children were seven and four years old, respectively. The crimes included anal and oral rape of the children.

On February 4, 2013, after a written and oral colloquy, Appellant proceeded to a stipulated bench trial at which the trial court judge found him guilty of the three offenses noted. On September 6, 2013, after testimony and a written report from Sexual Offenders Assessment Board (SOAB) expert Dr. Jennifer Hahn, the court found Appellant to be a sexually violent predator. On the same day the court sentenced him to three concurrent terms of not less than twenty nor more than forty years' incarceration. The court had the benefit of a pre-sentence investigation report. (**See** Trial Court Opinion, 10/06/15, at 4). Appellant did not file a post-sentence motion or a direct appeal.

After Appellant filed a *pro se* motion for post-conviction collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, on September 24, 2014, the PCRA court reinstated his direct appeal rights. (**See** Order, 7/29/15). This *nunc pro tunc* appeal followed.[3]

_____

[3] Newly appointed counsel complied with the trial court's directive to file a concise statement of errors on Appellant's behalf. (**See** Statement, 9/14/15); **see also** Pa.R.A.P. 1925(b).

On November 17, 2015 counsel filed a petition for leave to withdraw from further representation. Counsel contemporaneously filed an *Anders* brief. Appellant has not responded to the petition to withdraw.

When we receive an *Anders* brief, we first rule on the petition to withdraw and then review the merits of the underlying issues. *See Commonwealth v. Garang*, 9 A.3d 237, 240–41 (Pa. Super. 2010). In addition, "[p]art and parcel of *Anders* is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated." *Commonwealth v. Vilsaint*, 893 A.2d 753, 755 (Pa. Super. 2006).

Appellant's counsel has petitioned for permission to withdraw and has submitted an *Anders* brief, which is procedurally proper for counsel seeking to withdraw on direct appeal. *See Anders*, *supra* at 744. Court-appointed counsel who seeks to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

In the instant matter, counsel has substantially complied with all the requirements of *Anders* and *Santiago*. Specifically, he has petitioned this Court to withdraw after concluding that an appeal to this Court would be

- 3 -

"wholly frivolous." (Petition for Leave to Withdraw as Appellant's Counsel, 11/17/15, at 1).

In addition, after his review of the record, counsel filed a brief with this Court that provides a summary of the procedural history and facts with citations to the record, refers to any facts or legal theories that arguably support the appeal, and explains why he believes the appeal is frivolous. (*See Anders* Brief, at 2-14). Finally, he has attached, as an exhibit to his petition to withdraw, a copy of the letter he sent to Appellant giving notice of his rights, and including a copy of the *Anders* brief and the petition. (*See* Petition, at 1-2); *see also Commonwealth v. Millisock*, 873 A.2d 748, 749 (Pa. Super. 2005).

Because counsel has substantially complied with the requirements of *Anders*, *Santiago*, and *Millisock*, we will examine the issues set forth in the *Anders* brief that counsel believes could have arguable merit. *See Garang*, *supra* at 240–41.

Here, the sole question raised in the *Anders* Brief is whether the trial court abused its discretion by imposing a harsh and excessive sentence under the circumstances. (*See Anders* Brief, at 1).[4] This issue challenges the discretionary aspects of Appellant's sentence. (*See id.* at 9-13).

_____

[4] The Commonwealth did not file a brief in this case; instead it filed a letter of agreement with counsel's *Anders* brief. (*See* Letter of Deputy District Attorney to Deputy Prothonotary of Pennsylvania Superior Court, 11/20/15).

> Sentencing is a matter vested in the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. In imposing a sentence, the trial judge may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed.

*Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009) (citations omitted).

Additionally, the right to appeal the discretionary aspects of a sentence is not absolute. *See Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004). When an appellant challenges the discretionary aspects of the sentence imposed, he must present "a substantial question as to the appropriateness of the sentence[.]" *Commonwealth v. Anderson*, 830 A.2d 1013, 1017 (Pa. Super. 2003) (citations omitted). Pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), an appellant must articulate "a colorable argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing scheme." *Commonwealth v. Kimbrough*, 872 A.2d 1244, 1263 (Pa. Super. 2005) (*en banc*), *appeal denied*, 887 A.2d 1240 (Pa. 2005) (citation omitted).

Here, counsel has not included a Rule 2119(f) statement in the *Anders* brief. Nevertheless, in light of counsel's petition to withdraw, we will address the claim. *See Lilley*, *supra* at 998 (citing *Commonwealth v. Hernandez*, 783 A.2d 784, 787 (Pa. Super. 2001) (concluding that *Anders* requires review of issues otherwise waived on appeal)).

Here, we discern no basis to disagree with counsel's conclusion that the trial court properly exercised its discretion in sentencing Appellant. (*See Anders* brief, at 9-10).

The sentencing court had the benefit of a PSI. "Where pre-sentence reports exist, we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself." *Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014) (citation omitted).

The sentencing court chose to impose the three sentences concurrently rather than consecutively, which it had the prerogative to do. *See Lilley*, *supra* at 998. The sentence was within the standard range of the Sentencing Guidelines. (*See* Trial Ct. Op., at 4).

Appellant is a sexually violent predator, with a diagnosis of pedophilia, who took advantage of his position of trust as an uncle to engage in predatory sexual offenses against his niece and nephew. Dr. Hahn, the SOAB expert, testified that Appellant's likelihood of reoffending is supported by the multiple victims involved in these crimes, and by his history of having committed a similar offense previously as a juvenile against another four year-old boy. (*See* N.T. SVP/Sentencing, 9/06/13, at 11, 13). The sentencing court noted that probation was clearly inappropriate, and a lesser

sentence would depreciate the seriousness of the crimes. (*See id.* at 50). We discern no basis to disturb the court's sentence.

Appellant's issue does not merit relief. Furthermore, this Court has conducted an independent review of the record as required by **Anders** and **Santiago** and concludes that no non-frivolous issues exist.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/8/2016