**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Ceferino HERNANDEZ, Appellant.**

Superior Court of Pennsylvania.

Submitted July 23, 2001.
Filed Aug. 31, 2001.

David J. Long, Public Defender, Reading, for appellant.

Brian G. McDonnell, Asst. Dist. Atty., Reading, for Com., appellee.

BEFORE: CAVANAUGH and JOHNSON, JJ. and HESTER, Senior Judge.

HESTER, Senior Judge:

¶1 Ceferino Hernandez appeals the judgment of sentence of eight to twenty-seven years imprisonment imposed following his November 20, 2000 re-sentencing. Appellant was originally sentenced to eleven to twenty-two years imprisonment following his October 5, 2000 conviction at a nonjury trial. Appellate counsel has filed a brief and petition to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We are constrained to deny counsel's petition and reverse and remand for re-sentencing.

¶2 The record reveals the following pertinent facts. On March 24, 2000, Appellant attacked his former girlfriend, Z.C., at her residence. Appellant punched her in the face, dragged her by her hair to his taxi cab, and drove away. The victim was held hostage in the taxi cab, and Appellant stated he was going to kill her and himself. The victim yelled from the passenger side window of the taxi cab for help. Several

police officers chased Appellant for fifteen miles. The victim threw herself from the moving vehicle as it was traveling at approximately fifty miles per hour. Appellant was arrested shortly thereafter.

¶ 3 Appellant was charged with kidnapping, recklessly endangering another person, simple assault, terroristic threats, and fleeing or attempting to elude police. Following his conviction of those crimes, Appellant was sentenced to a total term of imprisonment of eleven to twenty-two years. On October 13, 2000, Appellant filed a motion for modification of sentence. Appellant's sentence was vacated, and he was re-sentenced on November 20, 2000. The new term of incarceration is eight to twenty-seven years. Appellant again filed for modification of sentence on November 29, 2000. The trial court denied Appellant's request on December 1, 2000.

¶ 4 Appellant filed a timely notice of appeal on December 28, 2000. The trial court issued an order on January 2, 2001 directing Appellant to file a concise statement of matters complained of on appeal within fourteen days. No such statement was filed until March 21, 2001. The trial court filed its opinion on March 8, 2001, without the benefit of Appellant's 1925 statement.

■■■ ¶ 5 Counsel has filed a petition for leave to withdraw as counsel in addition to an *Anders* brief.

In order for counsel to withdraw from an appeal pursuant to *Anders* and its Pennsylvania equivalent, *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981), certain requirements must be met:

(1) counsel must petition the court for leave to withdraw stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous;

(2) counsel must file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or *amicus curiae* brief; and

(3) counsel must furnish a copy of the brief to defendant and advise him of his right to retain new counsel, proceed *pro se* or raise any additional points that he deems worthy of the court's attention. *See, Commonwealth v. Heron,* 449 Pa.Super. 684, 674 A.2d 1138, 1139 (Pa.Super.1996). Once counsel has satisfied all of the requirements attendant to the request for withdrawal, it is then this Court's duty to conduct its own review of the lower court proceedings and render an independent judgment as to whether the appeal is in fact "wholly frivolous." *Commonwealth v. Townsend,* 693 A.2d 980, 982 (Pa.Super.1997) (citation omitted).

*Commonwealth v. Ferguson,* 761 A.2d 613, 616 (Pa.Super.2000).

■■■ ¶ 6 The record demonstrates that appellate counsel filed a petition for leave to withdraw. The petition states that counsel thoroughly reviewed the record and concluded that the appeal would be wholly frivolous. Counsel also has filed a brief raising all issues that could possibly support an appeal. The petition further states that counsel has supplied Appellant with copies of the brief and petition, and also explained to Appellant, through an attached letter, that he can proceed *pro se* or hire private counsel in order to raise any issues that he may believe have merit. Counsel, therefore, has met the requirements imposed by *Anders.* We now address the issue raised in counsel's *Anders* brief and examine whether it is wholly frivolous.

■■■ ¶ 7 Appellant contends that the trial court erred and abused its discretion in re-sentencing Appellant to a higher aggregate sentence. In its counter-argument, the Commonwealth notes that the trial court ordered Appellant to file a concise

statement of matters to be raised on appeal, Order of Court, 1/2/01, at 1, and Appellant failed to comply with that directive. It argues that Appellant has waived all issues by failing to file that statement. We are constrained to agree with the Commonwealth.

¶ 8 In *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998), our Supreme Court held that if a defendant is directed to file a concise statement of matters to be raised on appeal, any issues not raised in that statement may not thereafter be raised on appeal. We have strictly adhered to the Supreme Court's pronouncement. *See Commonwealth v. Phinn,* 761 A.2d 176 (Pa.Super.2000); *Commonwealth v. Kimble,* 756 A.2d 78 (Pa.Super.2000). Nonetheless, *Anders requires* that we examine the issues to determine their merit. Therefore, in order to rule upon counsel's request to withdraw, we must examine the merits of the issue Appellant seeks to raise.

¶ 9 Appellant argues his re-sentencing to a higher maximum term of imprisonment, even though the minimum was lowered, was illegal. Appellant's argument relates to the discretionary aspects of his sentence. Appellant has complied with the dictates of Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987), by including in his brief a separate statement of reasons relied upon for this appeal. We now consider whether that statement raises a substantial question about the appropriateness of the sentence imposed.

¶ 10 Appellant suggests that his new sentence was illegal because the maximum time of incarceration was increased by five years. Appellant relies upon our decision in *Commonwealth v. Serrano,* 727 A.2d 1168 (Pa.Super.1999) to support this contention. In *Serrano* we stated:

Upon revocation, the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing. 42 Pa.C.S.A. § 9773. At resentencing, therefore, the procedural posture of the case is just as it is for sentences following guilty pleas, jury trials and nonjury trials. A defendant's procedural rights following resentencing include the right to timely request modification of sentence. While this request may be granted or denied, once granted, review of the sentence is subject to statutory and case law. First, a resentence may not exceed the statutory limits of the sentence, including allowable deductions for time served. *In addition, a resentence following a motion for modification may not exceed the previous sentence without justification.* Where a subsequent sentence imposes a greater penalty than previously was imposed, a presumption of vindictiveness attaches. *Commonwealth v. Campion,* 449 Pa.Super. 9, 672 A.2d 1328 (1996). [W]henever a judge imposes a more severe sentence upon a defendant ... the reasons for doing so must affirmatively appear. *Id.,* 672 A.2d at 1333, *quoting North Carolina v. Pearce,* 395 U.S. 711, 725–26, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In order to overcome the presumption of vindictiveness, the sentencing court's reasons must be based upon objective information which justifies the increased sentence. *Id.*

*Serrano,* at 1170 (emphasis added).

¶ 11 In the instant situation, Appellant's maximum sentence has been increased by five years. While we recognize that the minimum sentence has been decreased by three years, we still consider Appellant's new sentence to exceed his old sentence.

¶ 12 Accordingly, we find Appellant falls under the dictates of *Serrano.* Appellant's sentence has been increased, and a presumption of vindictiveness attaches. *Id.* We now look to the trial court opinion to determine whether that court articulat-

ed reasons for the increased sentence that would rebut this presumption. The trial court stated: "[I]f the Defendant is dissatisfied with his sentence, then he should not have committed such heinous crimes." Trial Court Opinion, 3/8/01 at 2. The trial court failed to articulate a reason for its upward increase of Appellant's sentence. Hence, the re-sentence is illegal.

¶ 13 As Appellant's issue in not frivolous, we deny counsel's petition to withdraw as counsel.

¶ 14 For these reasons, we are constrained to reverse the decision of the trial court and remand for re-sentencing. Petition of David J. Long to withdraw as counsel denied. Judgment of sentence reversed. Jurisdiction relinquished.