J-S54005-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIMOTHY JON SANTERSERO | |
| Appellant | No. 378 MDA 2014 |

Appeal from the Judgment of Sentence November 27, 2013
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000457-2013

BEFORE: LAZARUS, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.: **FILED AUGUST 28, 2014**

Timothy Jon Santersero appeals from his judgment of sentence imposed on November 22, 2013 in the Court of Common Pleas of Luzerne County after he pled guilty to ten counts of possession of child pornography.[1] Counsel has petitioned this Court to withdraw his representation of Santersero pursuant to **Anders**, **McClendon** and **Santiago**.[2] Upon review, we remand for the filing of a proper **Anders** brief.

_____

[1] 18 Pa.C.S.A. § 6312(d)(1). Santersero was prosecuted under an earlier version of the statute. Subsection (d)(1) was, in substance, replaced by section 6312(d). **See** Act 2013-105 (H.B. 321), P.L. 1163, § 2, approved Dec. 18, 2013, eff. Jan. 1, 2014.

[2] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

In order to withdraw pursuant to **Anders** and **McClendon**, counsel must: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support an appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points that the appellant deems worthy of review. **Commonwealth v. Hernandez**, 783 A.2d 784, 786 (Pa. Super. 2001). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), the Pennsylvania Supreme Court held that, in order to withdraw under **Anders**, counsel must also state his reasons for concluding his client's appeal is frivolous.

Instantly, counsel's petition states that he has made an examination of the record and concluded the appeal is wholly frivolous. Counsel indicates that he supplied Santersero with a copy of the brief and a letter explaining Santersero's right to proceed *pro se*,[3] or with newly-retained counsel, and to raise any other issues he believes might have merit. Counsel also has submitted a brief, setting out in neutral form a single issue of arguable merit. However, counsel has failed to explain, pursuant to the dictates of

_____

[3] Santersero has not submitted any additional or supplemental filings to this Court. Additionally, the Commonwealth has indicated that it will not be filing a brief in this matter.

***Santiago***, why he believes the issue to be frivolous.  Thus, counsel has not complied with the requirements of ***Santiago*** and his motion to withdraw cannot be granted.

Accordingly, counsel is directed to submit a proper brief pursuant to the dictates of ***Anders***, ***McClendon*** and ***Santiago*** or, in the alternative, to submit an advocate's brief, within thirty (30) days of the date hereof.

Panel jurisdiction retained.