J-S54006-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AKZAVIER ALI CARRINGTON | |
| Appellant | No. 397 MDA 2014 |

Appeal from the Judgment of Sentence January 31, 2014
In the Court of Common Pleas of Mifflin County
Criminal Division at No(s): CP-44-CR-0000168-2013

BEFORE:  LAZARUS, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.                    **FILED AUGUST 28, 2014**

Akzavier Ali Carrington appeals from the judgment of sentence imposed in the Court of Common Pleas of Mifflin County after a jury found him guilty of two counts each of robbery[1] and conspiracy,[2] and one count each of terroristic threats[3] and theft by unlawful taking.[4]  Counsel has petitioned this Court to withdraw his representation of Carrington pursuant

_____

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii) and (a)(5).

[2] 18 Pa.C.S.A. § 903; 18 Pa.C.S.A. § 3701(a)(1)(ii); 18 Pa.C.S.A. § 3921(a).

[3] 18 Pa.C.S.A. § 2706(a)(1).

[4] 18 Pa.C.S.A. § 3921(a).

to **Anders**, **McClendon** and **Santiago**.[5] Upon review, we remand for the filing of a proper **Anders** brief.

In order to withdraw pursuant to **Anders** and **McClendon**, counsel must: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support an appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points that the appellant deems worthy of review. **Commonwealth v. Hernandez**, 783 A.2d 784, 786 (Pa. Super. 2001). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), the Pennsylvania Supreme Court held that, in order to withdraw under **Anders**, counsel must also state his reasons for concluding his client's appeal is frivolous.

Instantly, counsel's petition states that he has made an examination of the record and concluded the appeal is wholly frivolous. Counsel indicates that he supplied Carrington with a copy of the brief and a letter explaining

_____

[5] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

Carrington's right to proceed *pro se*,[6] or with newly-retained counsel, and to raise any other issues he believes might have merit. Counsel also has submitted a brief in which he repeats his assertion that there are no non-frivolous issues to be raised. However, counsel has failed to set forth, in neutral form, any issues that might arguably support an appeal or explain why, pursuant to the dictates of **Santiago**, he believes the appeal to be entirely frivolous. Thus, counsel has not complied with the requirements of **Anders**, **McClendon** and **Santiago** and his motion to withdraw cannot be granted.

Accordingly, counsel is directed to submit a proper brief pursuant to the dictates of **Anders**, **McClendon** and **Santiago** or, in the alternative, to submit an advocate's brief, within thirty (30) days of the date hereof.

Panel jurisdiction retained.

_____

[6] Carrington has not submitted any additional or supplemental filings to this Court. Additionally, the Commonwealth has indicated that it will not be filing a brief in this matter.