J-S59019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LOUSEVEJO JONES | |
| Appellant | No. 3095 EDA 2013 |

Appeal from the Judgment of Sentence October 8, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001021-2011

BEFORE:  SHOGAN, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:              **FILED SEPTEMBER 09, 2014**

Lousevejo Jones appeals from the judgment of sentence imposed in the Court of Common Pleas of Delaware County after he stipulated to having violated his parole and was resentenced to serve his full back time of 574 days' imprisonment.  Counsel has petitioned this Court to withdraw his representation of Jones pursuant to **Anders**, **McClendon** and **Santiago**.[1] Upon review, we grant counsel's petition to withdraw and affirm Jones' judgment of sentence.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

On May 3, 2011, Jones entered a negotiated plea before the Honorable James F. Nilon, Jr., to one count of resisting arrest. He was sentenced to time served (two days) to 23 months' incarceration. On June 8, 2013, Jones was convicted of five new crimes in Philadelphia County, including two counts of burglary and one count each of criminal trespass, criminal mischief and aggravated assault. On October 8, 2013, Jones appeared before Judge Nilon for a **Gagnon II** hearing, at which time he stipulated to the violation of his parole. Judge Nilon sentenced him to serve his full back time, amounting to 574 days, consecutive to his Philadelphia County sentence for one count of burglary.

Jones filed a timely notice of appeal on November 6, 2013. Thereafter, Judge Nilon ordered Jones to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In response, Jones' counsel filed a statement of intent to file an **Anders** brief with this Court, pursuant to Pa.R.A.P. 1925(c)(4).

"When faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005). In order to withdraw pursuant to **Anders** and **McClendon**, counsel must: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that

might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points that the appellant deems worthy of review. ***Commonwealth v. Hernandez***, 783 A.2d 784, 786 (Pa. Super. 2001). In ***Santiago***, the Pennsylvania Supreme Court altered the requirements for withdrawal under ***Anders*** to mandate the inclusion of a statement detailing counsel's reasons for concluding the appeal is frivolous.

Instantly, counsel's petition states that he has made an examination of the record and concluded the appeal is wholly frivolous. Counsel supplied Jones with a copy of the brief and a letter explaining Jones' right to proceed *pro se*, or with newly-retained counsel, and to raise any other issues he believes might have merit.[2] Counsel also has submitted a brief, setting out in neutral form a single issue of arguable merit. Finally, counsel has explained, pursuant to the dictates of ***Santiago***, why he believes the issue to be frivolous. ***See Anders*** Brief, at 3. Counsel having satisfied the procedural requirements for withdrawal, we now conduct our own review of the proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. ***Commonwealth v. Wright***, 846 A.2d 730, 736 (Pa. Super. 2004).

---

[2] Jones has not filed a *pro se* response or brief.

In his **Anders** brief, counsel raises a single point of arguable merit: that 574 days of imprisonment is excessive under the circumstances.

In **Commonwealth v. Mitchell**, 632 A.2d 934 (Pa. Super. 1993), this Court set forth the following, which guides our analysis in the present case:

> Clearly, the order revoking parole does not impose a new sentence; it requires appellant, rather, to serve the balance of a valid sentence previously imposed. Moreover, such a recommittal is just that – a recommittal and not a sentence. Further, at a [v]iolation of [p]arole hearing, the court is not free to give a new sentence. The power of the court after a finding of violation of parole in cases not under the control of the State Board of Parole is to recommit to jail[.] There is no authority for giving a new sentence with a minimum and maximum. Therefore, an appellant contesting a revocation of parole need not comply with the provisions of Pa.R.A.P. 2119(f) by first articulating a substantial question regarding the discretionary aspects of sentencing. . . . The sole issue on appeal is whether the trial court erred, as a matter of law, in revoking appellant's parole and committing him to a term of total confinement.

**Id.** at 936 (citations and quotation marks omitted).

Here, there is no question that Jones was convicted of new criminal offenses; indeed, he stipulated to that fact at his **Gagnon II** hearing. Those convictions represent a violation of a condition of Jones' parole and alone are a sufficient basis upon which to revoke parole. **See id.** As Judge Nilon had no choice but to recommit Jones to serve the balance of his sentence, **see id.**, Jones is entitled to no relief.

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/9/2014