J-S13010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MONTICE LAMONT HARRIS | |
| Appellant | No. 353 WDA 2015 |

Appeal from the Judgment of Sentence January 28, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-MD-0000047-2015

BEFORE: LAZARUS, J., STABILE, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED FEBRUARY 10, 2016**

Montice Lamont Harris appeals from the judgment of sentence, entered by the Court of Common Pleas of Erie County, after he was found guilty of indirect criminal contempt for violating a protection from abuse (PFA) order. Harris' counsel also seeks to withdraw pursuant to the dictates of **Anders v. California**, 386 U.S. 738 (1967), **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981). Upon review, we grant counsel's petition to withdraw and affirm Harris' judgment of sentence.

The trial court stated the facts of this matter as follows:

On November 13, 2014, following a hearing, a Final Protection From Abuse (PFA) Order was entered against [Harris]. Pursuant

---

[*] Former Justice specially assigned to the Superior Court.

to the Final PFA Order, [Harris] was evicted from the residence of the victim, Mildred Bumpers, in Erie, Pennsylvania; [Harris] was prohibited from having any contact with Bumpers; and [Harris] was prohibited from possessing, transferring or acquiring any firearms for the duration of the Order. . . . The PFA Order expires November 13, 2017.

On January 22, 2014, a City of Erie Police Officer filed an Indirect Criminal Complaint on behalf of Bumpers, alleging [Harris] violated the PFA Order by going to Bumpers' residence on January 16, 2015, and ringing Bumpers' doorbell multiple times. In another Criminal Complaint attached to the Complaint referencing the incident of January 16, 2015, an officer alleged [Harris] verbally threatened Bumpers on January 11, 2015, at her residence.

A hearing was held on the Indirect Criminal Complaint on January 28, 2015. At the ICC hearing, [Harris'] Erie County Adult Probation Officer testified [Harris] was currently on probation for Possession of a Firearm. [Harris] had been incarcerated for 12 days as of the ICC hearing. At the conclusion of the ICC hearing, the [c]ourt determined [Harris] committed Indirect Criminal Contempt for violation of the PFA Order. The [c]ourt sentenced [Harris] to 12 days to six months of incarceration, with 12 days['] credit for time served. The [c]ourt also directed [Harris] to complete the Batterer's Treatment program. The [c]ourt paroled [Harris] effective January 28, 2015, and directed his release from the Erie County Prison under the supervision of the adult probation department.

Trial Court Opinion, 6/23/15, at 1-2 (citations and footnote omitted).

Harris filed a timely notice of appeal and court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Harris raises the following issue for our review:

Whether the evidence was sufficient to find [Harris] guilty of indirect criminal contempt when the evidence and testimony presented was based on hearsay.

Brief for Appellant, at 3.

Counsel has a filed a petition to withdraw pursuant to *Anders*, *McClendon*, and *Santiago*. "When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Rojas*, 847 A.2d 638, 639 (Pa. Super. 2005). Based upon *Anders* and *McClendon*, counsel seeking to withdraw must: (1) petition the court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support an appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief raising any additional points that the appellant deems worthy of review. *Commonwealth v. Hernandez*, 783 A.2d 784, 786 (Pa. Super. 2001). Additionally, in *Santiago*, our Supreme Court held that counsel must state the reasons for concluding the client's appeal is frivolous. *Santiago*, 978 A.2d at 361.

Instantly, counsel's petition to withdraw states that she has examined the record and has concluded that the appeal is wholly frivolous. Counsel has also filed a brief in which she repeats the assertion that there are no non-frivolous issues to be raised and indicates the reasons for concluding the appeal is frivolous. Counsel has notified Harris of the request to withdraw and has provided Harris with a copy of the brief and a letter explaining Harris' right to proceed *pro se* or with privately retained counsel regarding any other issues he believes might have merit. Accordingly, we find that

counsel has substantially complied with the procedural requirements for withdrawal.

Once counsel has satisfied the above requirements, this Court conducts its own review of the proceedings and renders an independent judgment as to whether the appeal is, in fact, wholly frivolous. *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004).

Harris asserts that the evidence was insufficient to find him guilty of indirect criminal contempt of the final PFA order entered against him.

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Lynch*, 72 A.3d 706, 707-08 (Pa. Super. 2013) (internal citations and quotation marks omitted).

To establish indirect criminal contempt of a PFA order, the Commonwealth must show: "(1) the [o]rder was sufficiently definite, clear, and specific to the contemnor as to leave no doubt of the conduct prohibited; (2) the contemnor had notice of the [o]rder; (3) the act constituting the violation must have been volitional; and (4) the contemnor

- 4 -

must have acted with wrongful intent." ***Commonwealth v. Brumbaugh***, 932 A.2d 108, 110 (Pa. Super. 2007).

Instantly, the final PFA order evicted Harris from the residence and clearly stated that Harris was not to have any contact with the victim. Harris was present when the evidence was presented at the PFA hearing and when the order was issued. The victim testified that Harris repeatedly made telephone calls and sent text messages to her. He came to her residence and used threatening language toward her. On a separate occasion, she testified that he came to her residence and rang her doorbell. No evidence was presented to show that these actions were not volitional, and they demonstrate a clear intent to have contact with the victim. ***Brumbaugh***, ***supra***. Moreover, no hearsay was used to prove Harris' violation of the final PFA order.

Based upon our review of the record and the transcript of the indirect criminal contempt hearing, we find Harris' claim to be meritless. Therefore, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/10/2016