J-S18023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL ROLANDO WILLIAMS-VILLEGA | |
| Appellant | No. 1530 MDA 2015 |

Appeal from the Judgment of Sentence August 27, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002203-2015

BEFORE:  BOWES, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:　　　　　　**FILED FEBRUARY 25, 2016**

Daniel Rolando Williams-Villega appeals from his judgment of sentence imposed in the Court of Common Pleas of Lancaster County after he entered a negotiated plea of guilty to one count each of firearms not to be carried without a license and false identification to law enforcement authorities. Williams-Villega also pled guilty to summary counts of no rear lights and driving with license suspended.  Counsel has petitioned this Court to withdraw his representation of Williams-Villega pursuant to **Anders**,

_____

[*] Retired Senior Judge assigned to the Superior Court.

***McClendon*** and ***Santiago***.[1] Upon review, we affirm Williams-Villega's judgment of sentence and grant counsel's petition to withdraw.

In order to withdraw pursuant to ***Anders*** and ***McClendon***, counsel must: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support an appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points that the appellant deems worthy of review. ***Commonwealth v. Hernandez***, 783 A.2d 784, 786 (Pa. Super. 2001). Counsel must also state his reasons for concluding his client's appeal is frivolous. ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

Instantly, counsel's petition states that he has made an examination of the record and concluded that there are no non-frivolous issues to pursue on behalf of Williams-Villega. Counsel indicates that he supplied Williams-Villega with a copy of the brief and a letter explaining his right to proceed *pro se*,[2] or with newly-retained counsel, and to raise any other issues he believes might have merit. Counsel has also submitted a brief, setting out

---

[1] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981); and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

[2] Williams-Villega has not submitted any filings to this Court.

the sole issue Williams-Villega wished to raise and, pursuant to the dictates of *Santiago*, explains why he believes the issues to be frivolous. Thus, counsel has substantially complied with the requirements for withdrawal.

Counsel having satisfied the procedural requirements for withdrawal, this Court must conduct its own review of the proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004). On appeal, Williams-Villega asserts that he entered an invalid plea because counsel provided him with false information.

Williams-Villega's claim implicates the effectiveness of trial counsel. Claims of this nature are generally not ripe for review on direct appeal. In *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), our Supreme Court reaffirmed its holding in *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), holding that "claims of ineffective assistance of counsel are to be deferred to PCRA[3] review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." *Holmes*, 79 A.3d at 576. The Court noted two narrow exceptions to this broader rule: (1) extraordinary cases "where the trial court, in the exercise of its discretion, determines that a claim (or claims) of ineffectiveness is both meritorious and apparent from the record

---

[3] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

so that immediate consideration of relief is warranted[;]" and (2) allowing review for "good cause shown," such as the shortness of a sentence, or "multiple, and indeed comprehensive, ineffectiveness claims if such review is accomplished by a waiver of PCRA rights[.]" *Id.* at 577-78, 580.  Neither of these exceptions is applicable in the instant matter.  Accordingly, Williams-Villega's ineffectiveness claims are premature and we are unable to address their merits here.  This is without prejudice, however, to Williams-Villega's right to raise the claims in a timely PCRA petition.

Judgment of sentence affirmed; petition to withdraw granted.

Judge Strassburger joins the Memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/25/2016</u>