J-S61018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL MONROE | |
| Appellant | No. 1853 WDA 2015 |

Appeal from the Judgment of Sentence June 30, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0009499-2014

BEFORE:  PANELLA, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                **FILED SEPTEMBER 29, 2016**

Michael Monroe appeals from the judgment of sentence entered in the Court of Common Pleas of Allegheny County after he pled guilty to one count of voluntary manslaughter – unreasonable belief.[1]  Counsel has petitioned this Court to withdraw her representation of Monroe pursuant to **Anders** and **Santiago**.[2]  Upon review, we affirm Monroe's judgment of sentence and grant counsel's petition to withdraw.

On July 6, 2014, Monroe used a butcher knife to stab and kill his girlfriend's son, Dereck Frye, after the couple had engaged in a domestic

---

[1] 18 Pa.C.S.A. § 2503(b).

[2] **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

dispute. Monroe admitted to the stabbing, but claimed that he had committed the act because he believed that Frye was in possession of a gun. Monroe was originally charged with one count each of voluntary manslaughter and terroristic threats and two counts of simple assault. However, the remaining charges were withdrawn when Monroe agreed to plead guilty to voluntary manslaughter.

On June 30, 2015, the trial court sentenced Monroe to 75 to 200 months of incarceration. In imposing sentence, the court applied the deadly weapon enhancement contained in the Sentencing Guidelines. Monroe filed post-sentence motions in which he asserted, *inter alia*, that his sentence was illegal pursuant to **Alleyne v. U.S.**, 133 S.Ct. 2151 (2013). Monroe ultimately moved to withdraw his motion, which the court allowed. This timely appeal followed.

As stated above, counsel has filed a motion to withdraw from her representation of Monroe. In order to withdraw pursuant to **Anders**, counsel must: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support an appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points that the appellant deems worthy of review. **Commonwealth v. Hernandez**, 783 A.2d 784, 786 (Pa. Super.

2001). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), the Pennsylvania Supreme Court held that, in order to withdraw under **Anders**, counsel must also state her reasons for concluding her client's appeal is frivolous.

Instantly, counsel's petition states that she has made an examination of the record and concluded the appeal is wholly frivolous. Counsel indicates that she supplied Monroe with a copy of the brief and a letter explaining his right to proceed *pro se*,[3] or with newly-retained counsel, and to raise any other issues he believes might have merit. Counsel has also submitted a brief, setting out in neutral form one issue of arguable merit and, pursuant to the dictates of **Santiago**, explaining why she believes the issue to be frivolous. Thus, counsel has substantially complied with the requirements for withdrawal.

Counsel having satisfied the above requirements, this Court must conduct its own review of the proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004).

Monroe claims that the trial court imposed an illegal sentence because the decision of the United States Supreme Court in **Alleyne** rendered unconstitutional the deadly weapon sentencing enhancement under which he

---

[3] Monroe has not submitted any additional or supplemental filings to this Court.

was sentenced. In **Alleyne**, the Court held that any fact, other than a prior conviction, that results in the application of a mandatory minimum sentence is an element of the crime which must be submitted to the jury and found beyond a reasonable doubt. Monroe is entitled to no relief.

We begin by noting that, where an appellant challenges the legality of his sentence, our scope of review is plenary and our standard of review is *de novo*. **Commonwealth v. McClintic**, 909 A.2d 1241, 1245 (Pa. 2006).

In sentencing Monroe, the trial court applied the deadly weapon enhancement contained in the Sentencing Guidelines, **see** 204 Pa. Code § 303.10, which provides that the court "shall consider" imposing the enhanced sentence suggested by the guidelines where the offender uses a deadly weapon in a way that threatened or injured another individual. **Id.** Here, Monroe utilized a deadly weapon – namely a butcher knife – in the commission of a voluntary manslaughter.

In **Commonwealth v. Ali**, 112 A.3d 1210 (Pa. Super. 2015), this Court considered the school-zone sentencing enhancement and distinguished sentencing enhancements from the mandatory minimums contemplated by **Alleyne**. The Court concluded that **Alleyne** is inapplicable to the former, reasoning that:

> The parameters of **Alleyne** are limited to the imposition of mandatory minimum sentences, i.e., where a legislature has prescribed a mandatory baseline sentence that a trial court must apply if certain conditions are met. The sentencing enhancements at issue impose no such floor. Rather, the enhancements only direct a sentencing court to consider a

different range of potential minimum sentences, while preserving a trial court's discretion to fashion an individual sentence. By their very character, sentencing enhancements do not share the attributes of a mandatory minimum sentence that the Supreme Court held to be elements of the offense that must be submitted to a jury. The enhancements do not bind a trial court to any particular sentencing floor, nor do they compel a trial court in any given case to impose a sentence higher than the court believes is warranted. They require only that a court consider a higher range of possible minimum sentences. Even then, the trial court need not sentence within that range; the court only must consider it. Thus, even though the triggering facts must be found by the judge and not the jury—which is one of the elements of an **Apprendi**[4] or **Alleyne** analysis—the enhancements that the trial court applied in this case are not unconstitutional under **Alleyne**.

**Commonwealth v. Ali**, 112 A.3d 1210, 1226 (Pa. Super. 2015), *reargument denied* (May 8, 2015), *appeal granted in part*, 127 A.3d 1286 (Pa. 2015).[5]

Consistent with our holding in **Ali**, we conclude that the trial court's application of the deadly weapon enhancement did not render Monroe's sentence illegal under **Alleyne**. Rather than prescribing a mandatory minimum sentence that the court is required to impose, the enhancement simply increases the "range of potential minimum sentences" to be

---

[4] **Apprendi v. New Jersey**, 530 U.S. 466 (2000).

[5] The Court granted allowance of appeal on the following issue:

Does a sentencing judge have discretion to consider victim impact evidence where the offense is not a "crime against a person"?

**Ali**, 127 A.3d at 1287.

considered by the court. ***Id.*** Thus, the trial court retained its discretion to fashion an individual sentence "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." ***See*** 42 Pa.C.S.A. § 9721(b). Accordingly, Monroe's sentence does not violate the dictates of ***Alleyne*** and he is entitled to no relief.

Judgment of sentence affirmed. Motion to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2016