J-S84020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RONALD LINWOOD CREWS | : | |
| | : | |
| Appellant | : | No. 1171 MDA 2017 |

Appeal from the Judgment of Sentence June 27, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005295-2016

BEFORE:  SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JANUARY 24, 2018**

Ronald Linwood Crews appeals from his judgment of sentence, entered in the Court of Common Pleas of York County, following his conviction, by a jury, of DUI with a Minor in the Vehicle.[1]  Counsel has also filed a petition seeking to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm and grant counsel's petition to withdraw.

A jury trial was held in the instant matter on May 17, 2017.  At trial, Crews' arresting officers testified that on April 18, 2016, at 9:24 p.m., they observed Crews' light blue Cadillac sedan double-parked in the middle of the

_____

[1] 75 Pa.C.S. § 3803(b)(5) ("An individual who violates section 3802 where a minor under 18 years of age was an occupant in the vehicle when the violation occurred commits a misdemeanor of the first degree.").

northbound travel lane of Pershing Avenue in York. The vehicle's engine was off, but its hazard lights were activated. The officers, who were on-duty in a marked police cruiser, testified that Crews' vehicle was positioned in the road in a way that no traffic could travel by him without first having to cross a double-yellow line. As soon as the officers pulled up behind Crews' vehicle, he started the Cadillac's engine and pulled away. The officers yelled for Crews to stop and he obeyed. When they approached the driver's side door of Crews' car, the officers noticed that a female juvenile was in the front passenger seat and a male juvenile was in the rear passenger-side seat. The passengers, aged 8 and 10, were Crews' children.

One of the officers removed Crews from his vehicle and noticed that he could not maintain his balance, had slurred speech, could not follow directions, looked disheveled, had bloodshot/glassy eyes, and that his breath smelled strongly of alcohol. N.T. Jury Trial, 5/17/17, at 75. The officers found unopened beer inside the vehicle. *Id.* at 85. After performing very poorly on field sobriety tests,[2] Crews admitted to the officers that he had been drinking. *Id.* 105. At that point, the officers concluded that Crews was under the influence of alcohol and that it was unsafe for him to drive; they placed him under arrest for suspected DUI.

On June 27, 2017, Crews was sentenced on the above-stated offense to 6 months of incarceration, followed by 90 days of house arrest. Crews filed a

---

[2] Crews also told the officers, during the walk and turn test, that he could not perform it. *Id.* at 113.

- 2 -

timely notice of appeal. On September 13, 2017, counsel filed a statement of intent to file an **Anders** brief in lieu of a Statement of Errors Complained of on Appeal, pursuant to Pa.R.A.P. 1925(c)(4). On appeal Crews challenges the sufficiency of the evidence to support his DUI conviction.[3]

In order to withdraw pursuant to **Anders**, counsel must: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support an appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief raising any additional points that the appellant deems worthy of review. **Commonwealth v. Hernandez**, 783 A.2d 784, 786 (Pa. Super. 2001). In **Santiago**, **supra**, the Pennsylvania Supreme Court held that, in order to withdraw under **Anders**, counsel must also state his reasons for concluding his client's appeal is frivolous.

Instantly, counsel's petition states that he has examined the record and concluded the appeal is wholly frivolous. Counsel indicates that he supplied

---

[3] In reviewing a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt. **Commonwealth v. Randall**, 758 A.2d 669, 674 (Pa. Super. 2000).

Crews with a copy of the brief and a letter explaining his right to proceed *pro se*,[4] or with newly-retained counsel, and to raise any additional issues he believes might have merit. Counsel has also submitted a brief, setting out in neutral form the sole issue counsel identified that would arguably support an appeal and, pursuant to the dictates of **Santiago**, explains why he believes the claim to be frivolous.

Counsel has satisfied the procedural requirements for withdrawal. Accordingly, this Court must now conduct its own review of the proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004).

In order to be found guilty under section 3803(b)(5), an individual must have violated section 3802 (DUI-general impairment) "where a minor under 18 years of age was an occupant in the vehicle when the violation occurred." 75 Pa.C.S. § 3803(b)(5). Pursuant to section 3802(a)(1),[5] "[a]n individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is

---

[4] Crews has not submitted any additional or supplemental filings to this Court.

[5] Crews was initially charged with violating section 3802(a)(1), as well the summary offense of driving while operating privilege suspended, 75 Pa.C.S. § 1543(b)(1), and operating a vehicle without ignition interlock, 75 Pa.C.S. § 3808(a)(1). The latter two charges, however, were *nolle prossed* by the Commonwealth.

rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S. § 3802.

Here, officers testified that Crews had his vehicle double-parked in the middle of a two-lane road with its hazard lights activated. Because of the way the car was positioned, no traffic could pass by Crews' vehicle without crossing the center double-yellow line of the roadway. Crews attempted to drive away when he noticed the officers. When one of the officers approached the driver's side door of Crews' car, he saw two juvenile passengers in the vehicle. Upon exiting the car, Crews could not maintain his balance, had slurred speech, could not follow directions, smelled strongly of alcohol, looked disheveled, and had bloodshot/glassy eyes. The officers found unopened beer inside the vehicle. *Id.* at 85. Crews performed very poorly on field sobriety tests and even admitted to the officers that he had been drinking.

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, we conclude that the jury could have found that each and every element of section 3803(b)(5) was established beyond a reasonable doubt. *Randall*, *supra*. Thus, we affirm Crews' judgment of sentence.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/24/2018</u>