J-S41014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BENJAMIN LUIS CORA | : | |
| | : | |
| Appellant | : | No. 760 MDA 2018 |

Appeal from the Judgment of Sentence April 12, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006124-2017

BEFORE:   LAZARUS, J., MURRAY, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED OCTOBER 03, 2019**

Benjamin Luis Cora appeals from his judgment of sentence, entered in the Court of Common Pleas of York County, after a jury convicted him of aggravated assault,[1] resisting arrest[2] and possession of drug paraphernalia.[3] On appeal, counsel has filed an ***Anders***[4] brief and a motion to withdraw as counsel.   Based on our review of the record, we affirm the judgment of sentence and grant counsel's motion to withdraw.

The trial court set forth the facts of this case as follows:

[Cora]'s jury trial began with testimony from Lieutenant Glenn Knauer.  Lieutenant Knauer testified that on August 8th, 2017, he

---

[1] 18 Pa.C.S.A. § 2702.

[2] 18 Pa.C.S.A. § 5104.

[3] 35 P.S. § 780–113(a)(32).

[4] ***Anders v. California***, 386 U.S. 738 (1976).

---

\* Retired Senior Judge assigned to the Superior Court.

and Officer Benjamin Smith were dispatched to 376 Pennsylvania Avenue in York, Pennsylvania to respond to a domestic dispute between father and son. The officers approached [Cora] to speak with him, and Lieutenant Knauer testified that [Cora] was in an agitated state. Officer Smith advised [Cora] he was taking him into custody for a warrant. Officer Smith began to handcuff [Cora], at which point [Cora] began flailing around. Lieutenant Knauer came to assist, at which point all three men lost their footing and began to slide down the sloped backyard of [Cora]'s residence. Lieutenant Knauer tried to hold onto Officer Smith and [Cora], however they slipped out of his grip and rolled down the hill.

As they came to a stop, Lieutenant Knauer witnessed [Cora] rear back and kick Officer Smith in the chest, resulting in Officer Smith falling off the vertical embankment at the bottom of the hill. Lieutenant Knauer then began yelling commands at [Cora] to put his hands behind his back and lay on his stomach, with which [Cora] did not comply. Rather, he instead began to tense up and clench his fists. In light of [Cora]'s non-compliance, Lieutenant Knauer deployed his Taser by shooting the prongs at [Cora]. As Officer Smith was getting to his feet, Lieutenant Knauer gave more commands to [Cora], but he noticed [Cora] was once again tensing up, so he employed the Taser a second time for another 5 second burst. [Cora] was then handcuffed and taken into custody, but as the officers were taking [Cora] from the back of the house to the front, he continued attempting to break free and get away from them, at one point necessitating Officer Smith to take him to the ground. The officers finally got [Cora] into the back of their patrol vehicle, and Lieutenant Knauer testified that during the struggle with [Cora], Lieutenant Knauer's shoulder was injured. Lieutenant Knauer also noticed bleeding wounds on Officer Smith's left arm.

The Commonwealth then presented the testimony of Officer Benjamin Smith. Officer Smith testified as to the encounter with [Cora], in which [Cora] resisted being taken into custody, causing [Cora] and Officer Smith to fall down the hill. When they came to a stop at the bottom of the hill, Officer Smith was below [Cora] and felt a kick to his chest. This kick caused Officer Smith to roll over a retaining wall onto the concrete patio below, a five[-]foot drop that knocked the wind out of him. Officer Smith and Lieutenant Knauer were eventually able to get [Cora] into custody and to their police cruiser, though he continued to resist during

this process. The officers recovered a glass pipe with suspected marijuana residue from [Cora]. The Commonwealth then played Officer Smith's body camera video from the time of the incident.

The Commonwealth last called Officer Christopher Husted, the affiant, who testified that he filed the charges in this case, as the York City Police Department's policy for assaults on officers seeks to avoid any conflict of interest in having a victim be the affiant. The Commonwealth then rested and the [d]efense presented no evidence[.]

Trial Court Opinion, 4/11/19, at 2–4 (citations to record omitted).

On August 8, 2017, Cora was charged with two counts of aggravated assault, one count of resisting arrest, and one count of possession of drug paraphernalia. On April 12, 2018, the trial court sentenced Cora to 40 to 80 months in prison on the aggravated assault charge, time served to 12 months on the resisting arrest charge, and 12 months' probation on the possession charge. Cora timely filed post-sentence motions, which were denied after a hearing on April 30, 2018. On May 2, 2018, Cora filed a notice of appeal, an application to proceed *in forma pauperis,* and requests for transcripts. Both the trial court and Cora complied with Pa.R.A.P. 1925.

Prior to addressing Cora's appellate claims, we must review counsel's request to withdraw. To withdraw, counsel must: (1) petition the court for leave to withdraw, certifying that after a conscientious review of the record, counsel concluded the issues raised are frivolous; (2) file a brief referring to anything that might arguably support the appeal; and (3) furnish a copy of the brief to Cora and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points counsel deems necessary. ***Commonwealth v. Hernandez***, 783 A.2d 784, 786 (Pa. Super. 2001).

Counsel must also state his reasons for concluding his client's appeal is frivolous. *See Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

Here, counsel's petition states that he thoroughly reviewed the record and concluded the appeal is wholly frivolous. Counsel also submitted a brief, setting out the issues raised by Cora and, pursuant to *Santiago*, explains why he believes the appeal to be frivolous. Counsel supplied Cora with a copy of the brief and a letter explaining his right to retain new counsel or proceed *pro se.* The letter also explains that Cora may raise any other issues he believes might have merit. Thus, counsel substantially complied with the requirements for withdrawal.[5]

Counsel having satisfied the above requirements, this Court must conduct its own review of the proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004).

Cora first challenges the sufficiency of the evidence to demonstrate his intent to injure Officer Smith. Cora is entitled to no relief.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not [re-]weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a

---

[5] Cora has not filed a response to counsel's *Anders* brief or petition to withdraw.

> defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Giordano*, 121 A.3d 998, 1002–1003 (Pa. Super. 2015).

The jury convicted Cora of aggravated assault of an enumerated person.[6] A person is guilty of aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). A person acts intentionally when "it is in his conscious object to engage in conduct of that nature or to cause such a result." 18 Pa.C.S.A. § 302(b)(1)(i). The Commonwealth can prove intent through direct or circumstantial evidence. *Commonwealth v. Lewis*, 911 A.2d 558, 564 (Pa. Super. 2006). Further, a person acts knowingly with respect to a material element of the offense when "he is aware that it is practically certain that his conduct will cause such a result" if the element involves a result of his conduct. 18 Pa.C.S.A. § 302(b)(2)(ii).

---

[6] 18 Pa.C.S.A. § 2702(c)(1) (stating police officer constitutes enumerated person).

- 5 -

Here, Cora argues that the Commonwealth failed to prove that he acted intentionally or knowingly. However, both Lieutenant Knauer and Officer Smith testified—and Cora conceded—that Cora was in an agitated state and resisted arrest. N.T. Trial, 3/15/18, at 67, 69, 91–92. Lieutenant Knauer stated he encountered Officer Smith and Cora as they were brawling down the hill. *Id.* at 70. Lieutenant Knauer testified that he witnessed Cora kick Officer Smith in the chest after they tussled down the hill. *Id.* at 68, 70. He further explained that the kick occurred after everyone stopped moving, and when Officer Smith was in a precarious position. *Id.* He stated the kick was "deliberate," as Cora "reared back" to kick Officer Smith in the chest, causing Officer Smith to fall off the embankment. *Id.* This evidence demonstrates that Cora intended to injure Officer Smith by rearing back to kick Officer Smith while he was in a vulnerable position. 18 Pa.C.S.A. § 302(b)(1)(i). Further, the Commonwealth also presented testimony from Officer Smith who stated the kick knocked the wind out of him and caused him to fall five feet off the retaining wall onto a concrete patio. N.T. Trial, 3/15/18, at 92–93. Officer Smith also testified that he suffered elbow, knee and shoulder injuries from the fall. *Id.* at 93. Under the circumstances, Cora would have been practically certain that the kick would cause Officer Smith's bodily injuries. 18 Pa.C.S.A. § 302(b)(2)(ii).

Based on the foregoing evidence, as well as the reasonable inferences derived therefrom, the jury could have found Cora guilty of aggravated assault

of an enumerated person. ***Giordano***, ***supra***. Accordingly, he is entitled to no relief.

Cora next claims that the verdict was contrary to the weight of the evidence.

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well[-]settled that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the evidence, and a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

***Commonwealth v. Houser***, 18 A.3d 1128, 1135–36 (Pa. 2011) (citations and internal quotation marks omitted).

Here, Cora contends the jury's verdict for aggravated assault is against the weight of the evidence and shocks the conscience. However, the Commonwealth produced video from Officer Smith's body camera, and testimony from Lieutenant Knauer and Officer Smith, who were both involved in the fight. Lieutenant Knauer testified to witnessing Cora "deliberately" kick Officer Smith. N.T. Trial, 3/15/18, at 70. Officer Smith testified to experiencing the kick and falling off the edge of the wall. Further, he testified to suffering injuries as a result of the kick and the fall. "The jury . . . was free to believe all, part, or none of the evidence." ***Commonwealth v. Sebolka***,

205 A.3d 329, 337 (Pa. Super. 2019). It is within the sole discretion of the jury to assess the credibility of the testimony presented at trial. ***Id.*** In this case, the trial court did not abuse its discretion by denying Cora a new trial on grounds that the verdict was against the weight of the evidence. ***See Houser***, ***supra***; ***see also Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) ("Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.").

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/03/2019