J-S54021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DAVID THOMAS BOBE :
:
Appellant : No. 703 MDA 2019

Appeal from the Judgment of Sentence Entered March 18, 2019
In the Court of Common Pleas of Snyder County Criminal Division at
No(s): CP-55-CR-0000545-2017

BEFORE: BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.: **FILED OCTOBER 10, 2019**

David Thomas Bobe appeals from the judgment of sentence, entered in

the Court of Common Pleas of Snyder County, after he entered an open plea[1]

of no contest to one count of robbery—inflicting serious bodily injury. Counsel

has petitioned this Court to withdraw from his representation of Bobe and has

submitted an ***Anders***[2] brief. Upon review, we affirm Bobe's judgment of

sentence and grant counsel's petition to withdraw.

The charges in this matter arise from the robbery of Sterner's Coin Shop

in Shamokin Dam, Snyder County on September 27, 2018. The

---

[1] Although both counsel for Bobe and the Commonwealth indicate in their respective briefs that the plea agreement called for the imposition of a standard range sentence, we can find nothing in the record to substantiate that assertion.

[2] ***Anders v. California***, 386 U.S. 738 (1967).

Commonwealth asserts that Bobe participated in the robbery and struck the victim several times with a handgun. Bobe entered a plea of no contest on February 4, 2019 and, on March 18, 2019, the court sentenced him to 120 to 240 months' incarceration. Bobe filed post-sentence motions, which were denied, followed by a timely notice of appeal to this Court. On appeal, Bobe claims that the trial court abused its discretion in sentencing him at the top of the standard range. *See Anders* Brief, at 5.

Prior to reviewing Bobe's claim, we must determine if counsel has complied with the procedural requirements for withdrawal. In order to withdraw pursuant to *Anders*, counsel must: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support an appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief raising any additional points that the appellant deems worthy of review. *Commonwealth v. Hernandez*, 783 A.2d 784, 786 (Pa. Super. 2001). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), the Pennsylvania Supreme Court held that, in order to withdraw under *Anders*, counsel must also state his reasons for concluding his client's appeal is frivolous.

Instantly, counsel's petition states that he has made a conscientious examination of the record and determined the appeal is wholly frivolous. Counsel indicates that he supplied Bobe with a copy of the *Anders* brief and

a letter explaining his right to proceed *pro se*, or with privately-retained counsel, and to raise any other issues he believes might have merit.[3]  In the **Anders** brief, counsel sets out a single issue of arguable merit and, pursuant to the dictates of **Santiago**, explains why he believes the appeal to be frivolous.  Thus, counsel has substantially complied with the requirements for withdrawal.

We now turn to our independent review of the record to determine whether Bobe's appeal is wholly frivolous.  Bobe asserts that the trial court abused its discretion in sentencing him at the top of the standard range of the Sentencing Guidelines.  Specfically, Bobe claims that his prior record score ("PRS") was calculated incorrectly on his presentence investigation report ("PSI") and, as a result, his sentence reflected a PRS of Repeat Violent Offender Category ("REVOC"), rather than a PRS of 5.  Bobe is entitled to no relief.

A claim that the court applied an incorrect PRS implicates the discretionary aspects of sentencing.  **See Commonwealth v. Spenny**, 128 A.3d 234, 241 (Pa. Super. 2015).  Such challenges are not subject to review as a matter of right.  **Id.**  Instead,

> [a]n appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence, by (1) preserving the issue in the court below, (2) filing a timely notice of appeal, (3) including a statement pursuant to

---

[3] Bobe has not filed a response to counsel's petition to withdraw or **Anders** brief.

Pa.R.A.P. 2119(f) ("Rule 2119(f) statement") in his brief on appeal, and (4) raising a substantial question for our review.

*Id.* (citation and internal quotations omitted).

Here, Bobe's PRS was originally calculated to be REVOC in the PSI prepared by the Snyder County probation department. At the beginning of his sentencing hearing, Bobe challenged that calculation based on a question regarding the grading of a 2000 conviction in Mifflin County. After discussion with the court, the parties agreed to a recess to allow the court to obtain a copy of Bobe's sentencing order from Mifflin County. After the order was received, the parties agreed that Bobe's correct PRS was 5, rather than REVOC, and the court proceeded to sentence him on that basis.[4] Bobe lodged no further objection to the calculation of his PRS, and did not raise the issue in his post-sentence motion.[5] Accordingly, Bobe has not properly preserved this claim and is not entitled to review of the discretionary aspects of his sentence. *See id.*

Judgment of sentence affirmed. Petition to withdraw granted.

_____

[4] Bobe had a prior record score of 5 and an offense gravity score of 12. Applying the deadly-weapon-used enhancement under 204 Pa.Code § 303.17(b), the standard range for his offense was 102 to 120 months. With a PRS of REVOC, the guidelines called for a sentence of 120 months. Thus, the top of the standard range for a PRS of 5 was equivalent to the standard-range sentence for a PRS of REVOC, possibly misleading Bobe to believe he had been sentenced as REVOC.

[5] Although Bobe did file a post-sentence motion, he did not raise a specific claim regarding the calculation of his PRS. Rather, he sought reconsideration of his sentence "in light of [his] statement to the court at sentencing and his acceptance of responsibility for the incident." Post-Sentence Motion, 3/25/19, at ¶ 5.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2019