J-S02025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONALD STRATTON | |
| Appellant | No. 112 EDA 2015 |

Appeal from the Judgment of Sentence December 5, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002918-2010

BEFORE:  SHOGAN, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 02, 2016**

Donald Stratton appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County.  After our review, we affirm the judgment of sentence and grant counsel's petition to withdraw.

On November 3, 2009, at approximately 2:15 p.m., Philadelphia Police Officer Charles Kapusniak, a twelve-year member of the Narcotics Strike Force, and Officer Joseph McCauley began surveillance in the area of the intersection of 17th Street and Jefferson Street in Philadelphia.  Officer Kapusniak testified that from his angle he observed a male, Eric Daniels, approach another male, later identified as Stratton, and hand him U.S. Currency.  Officer Kapusniak then observed Stratton walk to the passenger side of a white SUV, open the door and lean inside.  Officer Kapusniak testified that he could see Stratton pouring small items from a white pill

bottle into his hand, walk back to Daniels and hand the items to Daniels. The two officers then drove up to Stratton and Daniels. They searched them and seized $400.00 from Stratton and two Percocet pills from Daniels. After searching the white SUV, officers retrieved a white pill bottle from the front passenger area that contained four Percocet pills similar to those in Daniels' possession.

On September 10, 2014, a jury convicted Stratton of possession of a controlled substance with intent to deliver.[1] The Honorable Donna Woelpper sentenced Stratton to two to four years' imprisonment. Stratton's counsel filed a notice of appeal. On January 8, 2015, the court issued an order pursuant to Pa.R.A.P. 1925(b) directing Stratton to file a Concise Statement of Errors Complained of on Appeal. Defense counsel, Shawn Page, Esquire, failed to comply. On March 10, 2015, Judge Woelpper filed an opinion, concluding that Stratton had waived any claims on appeal for failing to file a Rule 1925(b) Statement.

On March 23, 2015, Attorney Page filed a petition to withdraw his representation. This Court, on March 27, 2015, issued an order granting Attorney Page's motion to withdraw and ordering the trial court to determine Stratton's eligibility for appointment of counsel. Thereafter, the court appointed John Belli, Esquire, to represent Stratton. Attorney Belli filed a

---

[1] 35 P.S. § 780-113(a)(30).

motion on May 4, 2015 seeking remand of the case and permission to file a Rule 1925(b) Statement *nunc pro tunc*. **See** Pa.R.A.P. 1925(c)(1), (c)(3).

On June 3, 2015, this Court granted the petition for remand.

On June 15, 2015, Attorney Belli filed a *nunc pro tunc* Rule 1925(b) Statement, indicating, pursuant to Pa.R.A.P. 1925(c)(4), his intent to file a motion to withdraw pursuant to **Anders**,[2] and stating that Stratton wished to raise a weight of the evidence claim. On June 21, 2015, Judge Woelpper filed her opinion, concluding that the weight issue was waived because it was not raised post-trial before the court or in a post-sentence motion. **See Commonwealth v. Burkett**, 830 A.2d 1034, 1037 (Pa. Super. 2003); Pa.R.Crim.P. 607(A). This appeal followed. On August 24, 2015, counsel filed an **Anders** brief as well as a motion to withdraw.

In order to withdraw pursuant to **Anders** and **McClendon**, counsel must: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support an appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points that the appellant deems worthy of

_____

[2] **Anders v. California**, 386 U.S. 738 (1967); **see also Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

review.  *Commonwealth v. Hernandez*, 783 A.2d 784, 786 (Pa. Super. 2001). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), the Pennsylvania Supreme Court held that, in order to withdraw under *Anders*, counsel must also state his reasons for concluding his client's appeal is frivolous.

Here, counsel's petition states that he has examined the record and concluded the appeal is wholly frivolous. Counsel states that he has provided Stratton with a copy of the brief and a letter explaining Stratton's right to proceed *pro se*, or with newly retained counsel, and to raise any other issues he believes might have merit. *See* Petition to Withdraw, 8/24/15, at 2. Counsel has also filed a brief in which he repeats his assertion that there are no non-frivolous issues to be raised.  *See* Anders brief, 8/24/15, at 7-13. Accordingly, we find that counsel has substantially complied with the procedural requirements for withdrawal.   We now review the issue raised in the *Anders* brief:

> Whether the verdict was against the weight of the evidence because the testimony given by two police officers was contradictory with regard to whether money and drugs were exchanged between [Stratton] and the alleged buyer and regarding which officer was driving the day of the incident?

A weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice. *Commonwealth v. Widmer*, 744 A.2d 745,

- 4 -

751–52 (Pa. 2000). When reviewing a weight of the evidence claim, we do not substitute our judgment for the finder of fact and consider the underlying question of whether the verdict is against the weight of the evidence, but, rather, we determine only whether the trial court abused its discretion in making its determination. *Id.*, 744 A.2d at 753; *see also Commonwealth v. Lyons*, 79 A.3d 1053, 1067 (Pa. 2013).

As noted above, the trial court found this issue waived. Moreover, based on our independent review of the record, we find no merit to Stratton's challenge to the weight of the evidence. Stratton claims the verdict shocks the conscience because only Officer Kapusniak saw the transaction and the officers' testimony differs with respect to which officer was driving when the exchange occurred. N.T. 9/9/14, at 66; N.T. 9/10/14, at 26). We cannot agree that these minor inconsistencies render the testimony of these witnesses so unreliable as to make the verdict one based upon surmise or conjecture. In fact, the arrest occurred five years prior to trial, and Officer Kapusniak acknowledged that he did not recall who was driving at the time. N.T. 9/9/14, at 66. *See Commonwealth v. Hamilton*, 546 A.2d 90 (Pa. Super. 1988). *See also Commonwealth v. Stokes*, 78 A.3d 644, 651 (Pa. Super. 2013) (minor inconsistencies in testimony are for jury to resolve).

Based upon the foregoing, we find Stratton's weight of the evidence claim meritless. We, therefore, affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/2/2016