J-S12043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JUAN PONCE MORALES, | : | |
| | : | |
| Appellant | : | No. 1097 MDA 2016 |

Appeal from the Judgment of Sentence June 22, 2016
in the Court of Common Pleas of Lebanon County,
Criminal Division, No(s): CP-38-CR-0000004-2016

BEFORE: PANELLA, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED APRIL 13, 2017**

Juan Ponce Morales ("Morales") appeals from the judgment of sentence entered following his convictions of three counts of simple assault, two counts of robbery, and one count each of retail theft and criminal conspiracy.[1] The trial court additionally found Morales guilty of the summary offense of harassment.[2] Counsel for Morales has filed a Petition to Withdraw from representation, and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). We grant counsel's Petition to Withdraw and affirm Morales's judgment of

---

[1] 18 Pa.C.S.A. §§ 3929, 3701(a)(1)(iv), 2701, 903.

[2] 18 Pa.C.S.A. § 2709.

sentence.[3]

On December 4, 2015, Nate Roman ("Roman"), a loss-prevention officer for Boscov's department store in Lebanon County, confronted Morales and his co-conspirator, Deborah Rodriguez, as they attempted to steal three Calvin Klein leather jackets, with a combined value of $299.97. When confronted, Morales threatened Roman with a knife, and beat Roman.

On May 5, 2016, following a jury trial, Morales was found guilty of the above-described offenses. Following the preparation of a pre-sentence investigation report, the trial court sentenced Morales to an aggregate prison term of three to twelve years. Thereafter, Morales filed the instant timely appeal. The trial court ordered Morales to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. Counsel for Morales instead filed a Statement of Errors asserting that there are no non-frivolous issues that could be raised on appeal, and stating his intention to withdraw pursuant to *Anders*,.

Initially, we may not address the merits of issues raised on appeal without first reviewing the request to withdraw. *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005). Therefore, we review counsel's Petition at the outset. Our Supreme Court's decision in *Santiago* did not

---

[3] Morales additionally has filed a Motion for the appointment of substitute counsel. We deny the Motion. *See Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. Ct. 2005) (upon the withdrawal of appointed counsel pursuant to *Anders*, an appellant is entitled only to retain new counsel, or to proceed *pro se*, should he chose to do so).

alter the procedural requirements of **Anders** that counsel must satisfy in requesting to withdraw from representation. Counsel must (1) petition for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention. **Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009).

Here, counsel's Petition to Withdraw states that he has reviewed the record and concluded that the appeal is frivolous. Additionally, counsel notified Morales that he was seeking permission to withdraw, furnished Morales with copies of the Petition to Withdraw and **Anders** brief, and advised Morales of his right to retain new counsel or proceed *pro se* to raise any points he believes worthy of this Court's attention. Accordingly, counsel has satisfied the procedural requirements of **Anders**.

In **Santiago,** our Supreme Court set forth the requirements for counsel's brief when petitioning to withdraw. The **Anders** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Here, counsel's brief provides a summary of the history of the case, with citations to the record. Counsel does not identify any issues that counsel believes could arguably support the appeal. Counsel instead points out testimony that could arguably support Morales's version of the events. *Anders* Brief at 6, 8. Counsel concludes, however, that the jury chose to believe the version of events proffered by Roman. *Id.* at 8. Counsel finally states his conclusion that the appeal is frivolous, and cites to relevant case law regarding credibility determinations made by the jury. *Id.* at 8-9. Upon review, we conclude that counsel has satisfied the minimal requirements of *Anders* and *Santiago*.

Counsel having satisfied the above requirements, we next conduct our own review of the proceedings, and "render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). In doing so, we note that Morales has filed a *pro se* appellate brief raising the following claims for review:

1. A[n] examination of the jury will prove that [Morales's] right to a fair trial [was] violated when [trial counsel] failed to file a verbal motion for mistrial, when [Morales] informed [counsel] of the jury seeing [Morales] in handcuffs during [a] trial recess.

2. [Trial counsel] erred and was ineffective when he never challenge[d] the authenticity of the video, which shows [Morales] dressed in a gray sweater but upon exiting the store[,] was dressed in [a] red shirt.

3. [Morales's] due process was violated when [the] District Attorney withheld evidence [of a] video until trial[,] or never disclose[d] [the] video to [Morales] in [the] discovery packet as in **Brady v. Maryland**[, 373 U.S. 83 (1963)].

4. Morales's due process was violated when[,] with prior knowledge of the court of [Morales's] hearing impediment[, Morales] was unable to assist counsel during trial due to the court's failure to provide [Morales] with a translator for the hearing [impairment].

5. During trial[, the] jury came back to ask the judge a question [as to] whether the jury can find one of the defendants not guilty. At that time[, the trial judge] inform[ed] the jury that if they find that there was bodily injury[,] the jury must find both defendants guilty. During trial, there was no evidence presented to support bodily injury[, such] as medical records, [photos] of injury or physical evidence to support a bodily injury claim. [The trial judge] erred in instructing the jury to find both defendants guilty.

*Pro Se* Brief for Appellant at 4-5 (issues renumbered for ease of disposition, emphasis omitted).

Morales's first two claims assert ineffective assistance of counsel. **Id.** at 4-6. However, "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." **Commonwealth v. Harris**, 114 A.3d 1, 5 (Pa. Super. 2015) (quoting **Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013)). Consequently, we deny Morales relief on these claims, without prejudice for Morales to

assert his ineffectiveness claims in a timely petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[4]

In his remaining claims, Morales asserts that the Commonwealth withheld a video in violation of **Brady**; the trial court improperly failed to offer Morales a translator, as he is hearing impaired; and the trial court improperly instructed the jury to find Morales and his co-defendant guilty. *Pro Se* Brief for Appellant at 4-5. In the Argument section of his brief, Morales argues only that his appellate counsel rendered ineffective assistance by not raising these claims. **Id.** at 6-7.

Our review discloses that Morales's remaining claims were not identified in his Pa.R.A.P. 1925(b) Concise Statement or his Amended Concise Statement.[5] Ordinarily, whenever the trial court orders an appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), the appellant must comply in order to preserve his claims for appellate review. **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998). In **Commonwealth v. Hernandez**, 783 A.2d 784 (Pa. Super.

---

[4] **See** 42 Pa.C.S.A. §§ 9541-9546.

[5] On June 28, 2016, the trial court ordered Morales to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. On that same date, Morales's trial counsel filed a Statement of Errors, stating that counsel considered the appeal frivolous, and indicating that counsel intended to file an **Anders** brief. Statement of Errors, 6/38/16. On August 6, 2016, the trial court entered a second Order, requiring counsel to refile a statement of errors within 10 days. Counsel complied with the trial court's Order, filing an Amended Statement of Errors. In the Amended Statement of Errors, counsel again opined that the appeal is frivolous. Amended Statement of Errors, 8/10/16, at 1. Counsel also represented that "[t]here are no issues which have been proffered by [Morales]." **Id.** at 2.

2001), however, this Court concluded that **Anders** requires review of issues otherwise waived on appeal. **Id.** at 787.

Upon review, we are unable to grant Morales relief on his claims. Morales's *pro se* brief fails to identify where, in the record, the alleged errors took place, or whether the matters were brought to the trial court's attention. **See** Pa.R.A.P. 302(a) (stating that a claim cannot be raised for the first time on appeal). More importantly, Morales's legal argument consists solely of an assertion that his appellate counsel rendered ineffective assistance, an issue that should be raised in a PCRA Petition. Finally, our review confirms the conclusion of Morales's counsel that there are no non-frivolous issues that can be raised on appeal. Consequently, we deny Morales relief on these claims, without prejudice for Morales to assert his ineffectiveness claims in a timely petition for relief filed pursuant to the PCRA.

Petition to Withdraw granted. Motion to appoint substitute counsel denied. Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2017

- 7 -