J-S61007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH MCLEAN, JR. | |
| Appellant | No. 292 EDA 2017 |

Appeal from the Judgment of Sentence December 8, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005524-2013,
CP-51-CR-0011809-2010, CP-51-CR-0104301-2005,
CP-51-CR-1204701-2005

BEFORE:    LAZARUS, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED OCTOBER 10, 2017**

Joseph McLean, Jr., appeals from his judgment of sentence imposed in the Court of Common Pleas of Philadelphia County following a violation of probation and parole hearing on four consolidated cases. Counsel has petitioned this Court to withdraw from his representation of McLean pursuant to **Anders**, **McClendon** and **Santiago**.[1] Upon review, we affirm McLean's judgment of sentence and grant counsel's petition to withdraw.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

Since 2005, McLean has been convicted of numerous drug and firearms offenses in several criminal cases. He has also been found to be in violation of his resulting parole and probation on multiple occasions. Most recently, McLean appeared before the Honorable Glenn B. Bronson for a consolidated violation of probation and parole hearing and was found to be in technical violation after several positive drug tests. Defense counsel acknowledged McLean's drug and mental health problems and requested that the court sentence him to his back-time on the cases where he was on parole, and immediately parole him to a dual-diagnosis treatment center. Judge Bronson agreed and sentenced McLean to serve the remainder of his back-time, 11½ to 23 months, with immediate parole to treatment, plus five years' concurrent probation. McLean did not file post-sentence motions. This timely appeal follows, in which counsel has filed a motion to withdraw and **Anders** brief.

In order to withdraw pursuant to **Anders**, counsel must: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support an appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief raising any additional points that the appellant deems worthy of review. **Commonwealth v. Hernandez**, 783 A.2d 784, 786 (Pa. Super. 2001). In

*Santiago*, *supra*, the Pennsylvania Supreme Court held that, in order to withdraw under *Anders*, counsel must also state his reasons for concluding his client's appeal is frivolous.

Instantly, counsel's petition states that he has examined the record and concluded the appeal is wholly frivolous. Counsel indicates that he supplied McLean with a copy of the brief and a letter explaining his right to proceed *pro se*,[2] or with newly-retained counsel, and to raise any other issues he believes might have merit. Counsel has also submitted a brief, setting out in neutral form the sole issue counsel identified that would arguably support an appeal and, pursuant to the dictates of *Santiago*, explains why he believes the claim to be frivolous.

Counsel has satisfied the procedural requirements for withdrawal. Accordingly, this Court must now conduct its own review of the proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004).

The sole issue identified by counsel as possibly supporting an appeal is that McLean's sentence was excessive. This claim implicates the discretionary aspects of McLean's sentence. Such a claim does not entitle an appellant to review as a matter of right. *Commonwealth v. Swope*, 123

---

[2] McLean has not submitted any additional or supplemental filings to this Court.

A.3d 333, 337 (Pa. Super. 2015). Rather, before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Id.**, quoting **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa. Super. 2011).

Here, McLean did not file a post-sentence motion raising his sentencing claim. Accordingly, this claim is waived. **See Commonwealth v. Griffin**, 65 A.3d 932, 936 (Pa. Super. 2013) (challenges to discretionary aspects of sentence waived if not raised during sentencing or in post-sentence motions).

Even if this claim were not waived, it would garner McLean no relief. A sentencing court's determination will not be disturbed absent an abuse of discretion. **Commonwealth v. Walls**, 926 A.2d 957 (Pa. 2007). This court will only find an abuse of discretion where the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. **Id.** (citations omitted). Upon revoking a defendant's probation and imposing a new sentence, a court has available to it essentially all the sentencing alternatives that existed at the time of the initial sentencing.

*Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008), citing 42 Pa.C.S.A. § 9771(b). Thus, if the original offense was punishable by total confinement, such a penalty is available to a revocation court if it finds that: (1) the defendant has been convicted of another crime; (2) the defendant's conduct indicates a likelihood of future offenses; or (3) such a sentence is necessary to vindicate the court's authority. 42 Pa.C.S.A. § 9771(c).

Here, we can discern no abuse of discretion where the court imposed *the very sentence requested by McLean*. The sentencing judge was very familiar with McLean, who had appeared before him on three prior occasions. For over a decade, McLean had consistently violated his probation by selling drugs, carrying firearms and failing drug tests.[3] The court's sentence could be described as lenient under the circumstances, and provided McLean with an opportunity to address his obvious need for drug treatment. Having concluded that a sentence of total confinement was necessary to vindicate the authority of the court, **see** N.T. VOP Hearing, 12/8/16, at 9, the court did not abuse its discretion in sentencing McLean to 11½ to 23 months' imprisonment, with immediate parole to a treatment facility, plus five years of probation, as requested by McLean himself.

_____

[3] At the VOP hearing on December 8, 2016, Judge Bronson noted, and McLean did not dispute, that McLean had "repeated positive drug tests, which [sic] he repeatedly continues to test positive for marijuana, since May of this year every month, and tested positive for opiates back on May 9 of this year." N.T. VOP Hearing, 12/8/16, at 2.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judge Ransom joins the Memorandum.

Judge Platt concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:10/10/2017