J-S19044-18
J-S19045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL BAPTISTE JR. | : | |
| | : | No. 2856 EDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence July 31, 2017
in the Court of Common Pleas of Delaware County
Criminal Division at No.:  CP-23-CR-0005917-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| v. | : | |
| | : | |
| MICHAEL BAPTISTE JR. | : | |
| | : | |
| Appellant | : | |
| | : | No. 2857 EDA 2017 |

Appeal from the Judgment of Sentence July 31, 2017
in the Court of Common Pleas of Delaware County
Criminal Division at No.:  CP-23-CR-0005913-2013

BEFORE:   SHOGAN, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED JUNE 26, 2018**

Appellant, Michael Baptiste, Jr., appeals from the judgments of sentence

imposed on July 31, 2017 after revocation of his probation and parole at trial

_____
*   Retired Senior Judge assigned to the Superior Court.

court Case Nos. 5917-2013 and 5913-2013.[1] Appointed counsel has filed applications for leave to withdraw as counsel in both cases pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). We grant counsel's applications to withdraw and affirm Appellant's judgments of sentence.

We take the following facts and procedural history from the trial court's September 27, 2017 opinion and our independent review of the certified record. On November 14, 2013, Appellant pleaded guilty to robbery and conspiracy to commit robbery at Case No. 5917-2013, and was sentenced to serve not less than eleven and one-half nor more than twenty-three months of imprisonment, and a consecutive term of four years of probation. On that same date, he pleaded guilty to simple assault at Case No. 5913-2013, and was sentenced to two years of probation concurrent to the sentence imposed at Case No. 5917-2013.

On July 31, 2017, at a *Gagnon II*[2] hearing, Appellant stipulated to violating his probation at Case No. 5913-2013, and his probation and parole at Case No. 5917-2013, because of a new criminal conviction for persons not

---

[1] These consecutively listed appeals arise from the same set of facts and raise the same challenge to the judgment of sentence—both complain that if the sentence in both cases were aggregated, it is excessive. Furthermore, counsel seeks leave to withdraw his appearance in both cases raising the same argument and issues in both. Therefore, we *sua sponte* consolidate these appeals for this disposition.

[2] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

to possess a firearm and receiving stolen property. (*See* N.T. Hearing, 7/31/17, at 3).

At Case No. 5917-2013, for the robbery conviction at count three, the trial court found Appellant in violation of his parole, revoked his parole and remanded him to serve the balance of his sentence, and granted immediate parole; on the conspiracy conviction at count eleven, the trial court revoked Appellant's probation and sentenced him to not less than two nor more than four years of incarceration. At Case No. 5913-2013, the simple assault conviction, the trial court revoked Appellant's probation and imposed a sentence of not less than twelve nor more than twenty-four months of imprisonment. The court imposed the sentence at Case No. 5913-2013 concurrently with the one at 5917-2013, thus the aggregate sentence for both cases was not less than thirty-five and a half, nor more than seventy-one months of incarceration.[3] Appellant filed timely notices of appeal.[4] On January 24, 2018, counsel filed petitions to withdraw and ***Anders*** briefs on the basis that the appeal is wholly frivolous.[5] Appellant has not responded.

---

[3] Notably, the court also imposed the sentences concurrent to the sentence for the new offense at case No. 2492-2016.

[4] On September 25, 2017, counsel filed a statement that he intended to file an ***Anders*** brief. ***See*** Pa.R.A.P. 1925(c)(4). The trial court filed a statement in lieu of an opinion on September 27, 2017. ***See*** Pa.R.A.P. 1925(a).

[5] The applications to withdraw and ***Anders*** briefs submitted in Case Nos. 5917-2013 and 5913-2013 are substantially similar and assert the same arguments. Thus, for ease of disposition, we refer to the ***Anders*** brief singularly throughout this decision, and reference any relevant differences in footnotes.

The standard of review for an ***Anders*** brief is well-settled.

> Court-appointed counsel who seek to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:
>
>> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.
>
>> [T]his Court may not review the merits of the underlying issues without first passing on the request to withdraw.

***Commonwealth v. Lilley***, 978 A.2d 995, 997 (Pa. Super. 2009) (citations and quotation marks omitted). Further, our Supreme Court ruled in ***Santiago***, ***supra***, that ***Anders*** briefs must contain "a discussion of counsel's reasons for believing that the client's appeal is frivolous[.]" ***Santiago***, ***supra*** at 360.

Here, counsel's ***Anders*** briefs and applications to withdraw substantially comply with the applicable technical requirements and demonstrate that he has made "a conscientious examination of the record [and] determined that the appeal[s] would be frivolous[.]" ***Lilley***, ***supra*** at 997. The record establishes that counsel served Appellant with a copy of the ***Anders*** briefs and applications to withdraw, and a letter of notice, which advised Appellant of his right to retain new counsel or to proceed *pro se* and raise additional

issues to this Court. Further, the applications and briefs cite "to anything that arguably might support the appeal[.]" *Id.* (citation omitted); (*see also Anders* Brief, at 3-7). As noted by our Supreme Court in *Santiago*, the fact that some of counsel's statements arguably support the frivolity of the appeal does not violate the requirements of *Anders*. *See Santiago*, *supra* at 360-61. Accordingly, we conclude that counsel complied with *Anders*' technical requirements. *See Lilley*, *supra* at 997.

Having concluded that counsel's applications and briefs substantially comply with the technical *Anders* requirements, we must "conduct [our] own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Id.* at 998 (citation and quotation marks omitted).

The *Anders* brief raises one question for our review: "Whether the new sentence imposed upon [Appellant] is harsh and excessive where, when aggregated with the sentence imposed in the case docketed at CP-23-CR-0005917-2013 (2856 EDA 2017), it required him to serve another 2 to 4 years['] imprisonment?" (*Anders* Brief, at 2).[6]

---

[6] The *Anders* brief for Case No. 5917-2013 poses a substantially similar question: "Whether the new sentence imposed upon [Appellant] is harsh and excessive where, when aggregated with the sentence imposed in the case docketed at CP-23-CR-0005913-2013 (2857 EDA 2017), it required him to serve another 2 to 4 years['] imprisonment?" (*Anders* Brief, at 2).

The issue raised challenges the discretionary aspects of Appellant's sentences.

> [T]here is no absolute right to appeal when challenging the discretionary aspect of a sentence. Rather, an [a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code. . . .
>
> In addition, issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived. Furthermore, a defendant is required to preserve the issue in a court-ordered Pa.R.A.P.1925(b) concise statement and a Pa.R.A.P. 2119(f) statement.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (citations and quotation marks omitted).

Here, Appellant did not challenge the discretionary aspects of his sentence in a post-sentence motion, or present his claim to the trial court. Therefore, he has waived his challenge. *See id.*

"Nonetheless, *Anders* requires that we examine the issues to determine their merit. Therefore, in order to rule upon counsel's request to withdraw, we must examine the merits of the issue Appellant seeks to raise." *Commonwealth v. Hernandez*, 783 A.2d 784, 787 (Pa. Super. 2001); *see Lilley*, *supra* at 998 ("Nevertheless, in light of [c]ounsel's petition to withdraw, we address [a]ppellant's contention.") (citation omitted).

Our standard of review of an appeal from a sentence imposed following the revocation of probation is well-settled: "Revocation of a probation

sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." ***Commonwealth v. Colon***, 102 A.3d 1033, 1041 (Pa. Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015) (citation omitted). Additionally, "upon revocation [of probation] . . . the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Commonwealth v. Infante***, 63 A.3d 358, 365 (Pa. Super. 2013) (internal quotation marks and citations omitted).

Here, the record reveals that during his ***Gagnon II*** hearing on July 31, 2017, Appellant admitted that he violated his probation and parole by being convicted of another offense. (***See*** N.T. Hearing, at 3). At sentencing, the court explained that Appellant was originally convicted of a violent felony, and his violation involved a gun. (***See id.*** at 5). The court observed that it was being rather generous in imposing the recommended sentence, which resulted in a new term of imprisonment of not less than two nor more than four years. (***See id.*** at 6-7).

Upon review, we conclude that the trial court did not abuse its discretion in sentencing Appellant to an aggregate term of imprisonment of not less than two nor more than four years his probation and parole violations in two cases, where the underlying offenses involved violence, and the violation involved a firearm. (***See id.*** at 5-6). Furthermore, we note that the sentence imposed

was below the maximum sentence that the court could have imposed at Appellant's initial sentencing. ***See Infante***, ***supra*** at 365.

Therefore, we discern no error of law or abuse of discretion. ***See Colon***, ***supra*** at 1041; ***Infante***, ***supra*** at 365. Accordingly, Appellant's issue does not merit relief. Furthermore, after our independent review of the record as required by ***Anders*** and ***Santiago***, we conclude that no non-frivolous issues exist.

Applications to withdraw granted. Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/18