J-S24008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEPATRICK SMITH | : | |
| | : | |
| Appellant | : | No. 3513 EDA 2018 |

Appeal from the Judgment of Sentence Entered September 30, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000322-2014

BEFORE: LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.: **FILED JUNE 3, 2019**

Lepatrick Smith appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after he was convicted, following a nonjury trial, of aggravated assault,[1] unlawful restraint,[2] terroristic threats,[3] simple assault[4] and recklessly endangering another person ("REAP").[5] Counsel has petitioned this Court to withdraw from his

---

[1] 18 Pa.C.S.A. § 2702(a).

[2] 18 Pa.C.S.A. § 2902(a)(1).

[3] 18 Pa.C.S.A. § 2706(a)(1).

[4] 18 Pa.C.S.A. § 2701(a)(1).

[5] 18 Pa.C.S.A. § 2705.

---

\* Former Justice specially assigned to the Superior Court.

representation of Smith pursuant to **Anders**.[6] Upon review, we affirm Smith's

judgment of sentence and grant counsel's petition to withdraw.

The trial court set forth the facts of this matter as follows:

On October 6, 2013, [Smith] solicited a prostitute near Church [Street] and Frankford Avenue in Philadelphia. He then drove her to another location where the complainant indicated that he forced her to perform oral sex on him by grabbing her neck during which she bit his penis. He then commenced to punch her numerous times on the left side of her head and her body. . . . At some point the complainant managed to flee [Smith's] vehicle and . . . get the attention of a nearby resident, who called the police. Upon the arrival of the police, the complainant was taken to a nearby hospital where she was treated for a broken rib, . . . facial bruising, and a collapsed lung.

Subsequent thereto, police obtained a video recording from a camera in the area where [Smith] parked his car and had assaulted the complainant. It showed a vehicle described by the complainant and also a black male exit the vehicle for a short time and then get back into the car and drive away.

Based on an incident involving the police that occurred the previous day, police identified [Smith] as complainant's assailant. On October 17, 2013, police detectives met with the complainant and conducted a photographic identification session with her. She positively identified a photograph of [Smith] as depicting the individual who assaulted her.

Trial Court Statement, 1/3/19, at 2-3.

The Honorable Jeffrey P. Minehart found Smith guilty of the above

offenses on July 7, 2016 and, on September 30, 2016, the trial court

sentenced him to an aggregate term of 12 to 24 years' incarceration followed

---

[6] **Anders v. California**, 386 U.S. 738 (1967).

by five years of probation. Smith did not appeal. However, Smith filed a petition pursuant to the Post Conviction Relief Act,[7] after which his appellate rights were reinstated *nunc pro tunc*. Smith filed a notice of appeal and the trial court ordered him to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On December 27, 2018, Smith's counsel filed a statement of intent to file an **Anders** brief pursuant to Rule 1925(c)(4).

Smith raises the following issue for our review:

> Whether the trial court erred in entering a finding of guilty against [Smith] for the crimes of aggravated assault, unlawful restraint/serious bodily injury, terroristic threats w/int[ent] to terrorize another, simple assault and [REAP] because the evidence introduced at trial was insufficient to support such findings?

**Anders** Brief, at 9 (unnecessary capitalization omitted).

Prior to reviewing Smith's claim, we must determine if counsel has complied with the procedural requirements for withdrawal. In order to withdraw pursuant to **Anders**, counsel must: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support an appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief raising any additional points that the appellant deems worthy of review. **Commonwealth v. Hernandez**, 783 A.2d 784, 786 (Pa. Super. 2001). In **Commonwealth v. Santiago**, 978 A.2d

---

[7] 42 Pa.C.S.A. §§ 9541-9546.

349 (Pa. 2009), the Pennsylvania Supreme Court held that, in order to withdraw under **Anders**, counsel must also state his reasons for concluding his client's appeal is frivolous.

Instantly, counsel's petition states that he has made an exhaustive examination of the record and concluded the appeal is wholly frivolous. Counsel indicates that he supplied Smith with a copy of the **Anders** brief and a letter explaining his right to proceed *pro se*, or with privately-retained counsel, and to raise any other issues he believes might have merit. Counsel's brief sets out a single issue of arguable merit and, pursuant to the dictates of **Santiago**, explains why he believes the appeal to be frivolous. Thus, counsel has substantially complied with the requirements for withdrawal.

Smith did not file a substantive response to counsel's **Anders** brief, raising any issues he believed to be meritorious. Rather, on April 23, 2019, Smith filed with this Court a motion to proceed *pro se*. On April 25, 2019, we issued an order granting Smith 30 days to file his response, if any, to counsel's **Anders** brief. On May 9, 2019, Smith filed a document in which he agreed that counsel should withdraw and expressed his desire to proceed *pro se*. He did not, however, raise any potentially meritorious appellate claims.

Counsel's application to withdraw properly informed Smith of his right to "retain new counsel, or to proceed *pro se*, or to raise any point(s) he may deem worthy of consideration." Petition to Withdraw, at ¶ 6. Additionally, after Smith filed his motion to proceed *pro se*, this Court provided him with

another opportunity to submit a response to counsel's **Anders** brief. He did not do so.

> While this [C]ourt is willing to liberally construe materials filed by a *pro se* litigant, [an] appellant is not entitled to any particular advantage because [he] lacks legal training. As our [S]upreme [C]ourt has explained, "any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing."

**Smathers v. Smathers**, 670 A.2d 1159 (Pa. Super. 1996) (citations omitted).

Smith was given multiple chances to raise any claims he deemed worthy or review; he failed at each opportunity. Accordingly, as counsel has satisfied the procedural requirements for withdrawal, we will proceed with our independent review of the proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004).

In his **Anders** brief, counsel raised a challenge to the sufficiency of the evidence supporting Smith's convictions. Our standard of review of sufficiency claims is well-settled:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the

verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. McClelland*, 204 A.3d 436, 441 (Pa. Super. 2019), quoting *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000) (internal citations omitted).

A person commits the offense of aggravated assault if he attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life. 18 Pa.C.S.A. § 2702(a).

A person commits the offense of unlawful restraint if he knowingly restrains another unlawfully in circumstances exposing him to risk of serious bodily injury. 18 Pa.C.S.A. § 2902(a)(1).

A person commits the crime of terroristic threats if he communicates, either directly or indirectly, a threat to commit any crime of violence with intent to terrorize another. 18 Pa.C.S.A. § 2706(a)(1).

A person is guilty of assault if he attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another. 18 Pa.C.S.A. § 2701(a)(1).

Finally, a person commits the offense of REAP if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury. 18 Pa.C.S.A. § 2705.

Here, the evidence adduced at trial established that Smith solicited the victim for oral sex. The victim attempted to perform the act, but Smith was unable to achieve an erection. When the victim asked Smith if there was

"something that [she] could do to help him out," N.T Trial, 7/7/16, at 16, Smith began "hitting [her] over and over again from [her] face down to [her] ribs," puncturing her lung, breaking her rib, and rupturing her eardrum. *Id.* at 17-18. Smith also choked her on three occasions. While he was beating the victim, Smith achieved an erection and tried to force her to perform oral sex. During the ensuing struggle, the victim unsuccessfully attempted to kick out the windshield to Smith's car. She was finally able to escape the vehicle, at which point Smith threatened to kill her if she sought help from the nearby houses. *See id.* at 48-49.

Based on the foregoing, and viewed in the light most favorable to the Commonwealth as verdict-winner, *McClelland*, *supra*, the evidence was sufficient to establish the elements of the cited offenses. Smith is entitled to no relief.

Judgment of sentence affirmed; petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/19