J-S49004-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :---: |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHANIEL LEE CHIPPS | : | |
| | : | |
| Appellant | : | No. 233 WDA 2020 |

Appeal from the Judgment of Sentence Entered July 23, 2018
In the Court of Common Pleas of Greene County Criminal Division at
No(s): CP-30-CR-0000051-2018

BEFORE: OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.: FILED JANUARY 08, 2021

Appellant, Nathaniel Lee Chipps, appeals from the July 23, 2018 judgment of sentence that imposed an aggregate punishment of one to two years' incarceration after a jury convicted Appellant of escape, in violation of 18 Pa.C.S.A. § 5121(a). Appellant's attorney, Amanda M. Como, Esq. ("Attorney Como"), filed an Anders brief[1] and a petition to withdraw. We grant counsel's petition to withdraw and affirm the judgment of sentence.

At trial, the Commonwealth introduced the testimony of three witnesses: Jennifer Sismondo, an employee at Greenbriar Rehabilitation Facility ("Greenbriar"); Michael Kraus, deputy warden of the Greene County

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Anders v. California, 386 U.S. 738 (1967); see also Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009) and Commonwealth v. McClendon, 434 A.2d 1185 (Pa. 1981).

Prison; and, Jason Taylor, an employee of the Greene County Office of Probation and Parole. Taken together, the testimony of the Commonwealth's witnesses established that, on January 16, 2018, Appellant received a conditional court order releasing him from detention at the Greene County Prison for the purpose of participating in rehabilitative treatment at Greenbriar.[2] Appellant was admitted into Greenbriar for treatment on January 28, 2018 and he later left the facility after self-initiating his discharge and walking off the property on January 31, 2018. Sismondo testified that Appellant never completed rehabilitative treatment and Kraus confirmed that Appellant did not return to Greene County Prison within 48 hours of his departure from Greenbriar. Taylor testified that he apprehended Appellant on February 8, 2020, at which time Appellant was returned to Greene County Prison.

At the conclusion of trial on May 15, 2018, a jury found Appellant guilty of escape. Thereafter, on July 23, 2018, the trial court sentenced Appellant to one to two years' imprisonment, with credit for time served. On February 3, 2020, the court reinstated Appellant's right to pursue a direct appeal after

_____

[2] The parties stipulated to the contents of the January 16, 2018 order, which provided that if Appellant failed to complete inpatient rehabilitation treatment or left the facility against medical advice, he needed to return to Greene County Prison within 48 hours. The order also warned Appellant that escape charges would be filed against him if he left Greenbriar against medical advice and failed to return to the county prison.

he filed a petition under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546, alleging ineffective assistance on the part of trial counsel. This timely appeal followed.[3]

Attorney Como filed an Anders brief and a petition to withdraw as Appellant's counsel. Counsel's Anders brief raised an issue alleging that the evidence introduced at trial was not sufficient to prove Appellant guilty of escape beyond a reasonable doubt. Preliminarily, we address Attorney Como's petition to withdraw and the accompanying Anders brief, both alleging this appeal is frivolous.

"When presented with an Anders brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." Commonwealth v. Daniels, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). In order to withdraw pursuant to Anders, counsel must: (1) petition the court for leave to withdraw, stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous; (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or amicus curiae brief; and, (3) furnish a copy of the brief to defendant and advise him [by letter] of his right to retain new counsel, proceed pro se or raise any additional points that he deems worthy of the court's attention. Commonwealth v. Millisock, 873 A.2d 748, 751 (Pa. Super. 2005). An

_____

[3] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Anders brief "must [meet] the requirements established by our Supreme Court in Commonwealth v. Santiago, 978 A.2d 349, 361 (Pa. 2009)." Commonwealth v. Harden, 103 A.3d 107, 110 (Pa. Super. 2014) (parallel citation omitted). Specifically, counsel's Anders brief must comply with the following requisites:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Id. (citation omitted).

Pursuant to Commonwealth v. Millisock, 873 A.2d 748 (Pa. Super. 2005), and its progeny, "[c]ounsel also must provide a copy of the Anders brief to his [or her] client." Commonwealth v. Orellana, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). The brief must be accompanied by a letter that advises the client of the option to "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the Anders brief." Id. Counsel seeking to withdraw must attach to their petitions a copy of the letter advising their clients of the rights identified above. See Millisock, 873 A.2d at 752.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." Commonwealth v. Goodwin, 928 A.2d 287, 291 (Pa. Super. 2007) (en banc) (citation and internal quotation marks omitted).

Instantly, Attorney Como satisfied the technical requirements of Anders and Santiago. In her Anders brief, counsel identified the pertinent factual and procedural history and made citation to the record. Counsel raises a claim challenging the sufficiency of the evidence to support Appellant's conviction for escape that could arguably support an appeal, but ultimately, counsel concludes the appeal is frivolous. Counsel also attached to her petition a letter to Appellant that fulfills the notice requirements of Millisock.[4] Appellant has not filed a response to counsel's letter, the Anders brief, or the petition to withdraw. Accordingly, we proceed to conduct an independent review of the record to determine whether the appeal is wholly frivolous.

In her Anders brief, counsel raises the following issue on Appellant's behalf:

> 1. Whether there was sufficient evidence against [Appellant] for a finding of guilt beyond a reasonable doubt?

---

[4] Our review of the record confirms that Attorney Como forwarded copies of the Millisock letter, the Anders brief, and her petition to withdraw to Appellant.

Anders Brief at 4. This issue raises a challenge to the sufficiency of the evidence for which our standard of review and scope of review are well-settled.[5]

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof or proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier[-]of[-]fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

_____

[5] Counsel's Rule 1925(b) statement did not state the element or elements of escape for which the evidence was insufficient. Ordinarily, such an omission results in waiver of a sufficiency challenge. See Commonwealth v. Gibbs, 981 A.2d 274, 281 (Pa. Super. 2009) (holding that an issue challenging the sufficiency of the evidence is waived when the Rule 1925(b) statement fails to specify the element or elements upon which the evidence was insufficient), appeal denied, 3 A.3d 670 (Pa. 2010). Notwithstanding such an omission, whenever an issue, which is otherwise waived on appeal, is raised in the context of an Anders brief, we will consider the issue to determine its merit. Commonwealth v. Hernandez, 783 A.2d 784, 787 (Pa. Super. 2001) (holding that Anders requires the review of issues otherwise waived on appeal).

Commonwealth v. Pappas, 845 A.2d 829, 835-836 (Pa. Super. 2004) (citation omitted), appeal denied, 862 A.2d 1254 (Pa. 2004).

The Crimes Code defines the offense of escape as follows:

(a) Escape. -- A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period.

18 Pa.C.S.A. § 5121(a).

Based upon all the evidence admitted at trial in the light most favorable to the Commonwealth, as verdict winner, we are convinced that the record contains sufficient proof of Appellant's guilt beyond a reasonable doubt. The evidence showed that Appellant was under official detention prior to leaving for Greenbriar, he initiated his own discharge from the treatment facility prior to his completion of the program on January 31, 2018, and he failed to return to Greene County Prison within 48 hours following his departure from the rehabilitation center. Because the record supports Attorney Como's assessment that Appellant's appeal is wholly frivolous, and because our independent review of the record reveals no additional, non-frivolous claims, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/08/2021